652 A.2d 922

**COMMONWEALTH of Pennsylvania,**

**v.**

**Michael A. STEPP, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 14, 1994.

Filed Jan. 6, 1995.

John P. Boileau, Lock Haven, for appellant.

Merritt E. McKnight, Dist. Atty., Lock Haven, for Com., appellee.

Before ROWLEY, President Judge, and CIRILLO and DEL SOLE, JJ.

CIRILLO, Judge:

Michael A. Stepp appeals from a judgment of sentence entered in the Court of Common Pleas of Clinton County. We affirm.

On the morning of January 8, 1991, Dale Heck left his mobile home and locked the doors. When Mr. Heck returned home between 12:30 P.M. and 1:00 P.M. that afternoon, he noticed that the front door was open and that the front door knob had been pried off. Mr. Heck proceeded to reach inside the doorway of the mobile home to retrieve his shotgun. He then entered his home, which was already occupied by Defendant Stepp. At that moment, Mr. Heck heard the sound of breaking glass from the rear of the mobile home as Stepp attempted to exit the structure. Stepp was chased and captured by Mr. Heck and later arrested by the police.

Stepp was convicted in a jury trial of burglary, criminal trespass, and criminal attempt (theft), after which he filed post-verdict motions. Following the denial of post-verdict motions, Stepp was sentenced by the Honorable Carson V. Brown. Judge Brown, using an offense gravity score of seven and a prior record score of six, sentenced Stepp for the burglary conviction within the maximum level of the standard range to a term of sixty-four to one hundred twenty-eight months imprisonment.[1] On appeal, Stepp raises one issue for our review:

---

1. Although Stepp's trial counsel filed a Motion to Modify Sentence, he failed to challenge the offense gravity score. The motion was denied. Stepp's trial counsel then filed an appeal to this court on October 3, 1992, but again did not challenge the offense gravity score calculation/determination. This court affirmed the judgment of the trial court. *Commonwealth v. Stepp*, 430 Pa.Super. 651, 630 A.2d 465 (1993). Stepp then filed a Petition for Allocatur to the Pennsylvania Supreme Court, which was denied.

Whether the proper offense gravity score for the offense of burglary (18 Pa.C.S.A. § 3502) should be a 6 as opposed to a 7, where the structure burglarized is adapted for overnight accommodation and where there is no person present at the time of entry although a person does arrive after the Defendant entered the structure? [2]

Under 42 Pa.C.S.A. § 9721 (204 Pa.Code § 303.8(d)), the Pennsylvania Commission on Sentencing promulgated sentencing guidelines which subcategorize the crime of burglary and its offense gravity scores as follows:

| 18 Pa. C.S.A. § | Offense Title | Statutory Classification | Offense Gravity Score |
|---|---|---|---|
| 3502 | Burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present. | F1 | 7 |
| 3502 | Burglary of a structure adapted for overnight accommodation in which at the time of the offense no person is present. | F1 | 6 |

42 Pa.C.S.A. § 9721 (204 Pa.Code § 303.8(d)) (emphasis added).

On January 24, 1994, Stepp filed a pro se petition for Post–Conviction Collateral Relief in which he alleged ineffective assistance of counsel and requested that the court appoint him an attorney. After receiving leave to file an amended petition, Stepp's court-appointed attorney filed an Amended Petition for Post–Conviction Collateral Relief. In that petition, Stepp claimed that his trial counsel was ineffective for failing to challenge the judgment of sentence by arguing that the burglary sentence was based on an incorrect offense gravity score of seven, as opposed to six.

Following a hearing, the Honorable J. Michael Williamson found that Stepp's trial counsel was ineffective and granted Stepp the right to file a direct appeal *nunc pro tunc* to this court limited to a challenge to the legality of the sentence. This appeal followed.

**2.** This court has recently held: "[W]here the issue on appeal is the improper calculation of a prior record score or an offense gravity score, a direct appeal lies because these are legal questions.... Therefore, we will address the merits of Appellant's sentencing issues." *Commonwealth v. Johnson*, 421 Pa.Super. 433, 440, 618 A.2d 415, 419 (1992). Consequently, we will address the merits of Stepp's challenge to the legality of his sentence.

An offense gravity score of seven is used for the burglary of a structure in which "at the time of the offense any person is present" within the structure. In this case, no one was present at the moment Stepp entered the structure and the technical offense of burglary took place.[3] Stepp argues that an gravity offense score of six should have been used since "at the time of the offense no person [was] present."

In this case, however, the homeowner did return to his residence while the defendant was still present inside ·the structure. In our judgment, a technical application of the definition of burglary misses the purpose and spirit which underlie the different gravity offense scores. In Common-wealth v. Dickison, 334 Pa.Super. 549, 483 A.2d 874 (1984), this· court reasoned:

> The different gravity scores for burglaries committed of structures where persons are present and structures where persons are not present is premised upon the likelihood of greater mischief in the former situation. If a burglary is committed while the structure is occupied, the potential for additional and more serious offenses is always present. Even if no further crime is committed, the presence of the victims and the potential for harm to them suggest an offense possessing gravity greater than when no person is present.

Dickison, 334 Pa.Super. at 552–53, 483 A.2d at 875. These concerns were reiterated by this court in Commonwealth v. Jackson, 401 Pa.Super. 426, 585 A.2d 533 (1991).

In Jackson, we held that a porch attached to a residential dwelling is part of the "structure" for purposes of determining the offense gravity score for a burglary sentence. Jackson,

3. Burglary is defined in 18 Pa.C.S.A. § 3502 of the Crimes Code as follows:

> (a) Offense defined.—A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

(emphasis added).

401 Pa.Super. at 430, 585 A.2d at 535. In that case, the victim was seated on her back porch while the defendant burglarized her home. The victim was unaware of the crime until the police returned to the scene and informed her that they witnessed the defendant exit the front door of her house. We held that, even though the victim was unaware of the defendant's presence in her home, this was a case where the likelihood of greater mischief was present and that the trial court correctly used an offense gravity score of seven when it applied the sentencing guidelines. We stated:

> While the victim was sitting on the back porch of her home appellant entered the front. We would not hear appellant complain if the victim was in an upstairs bedroom while the burglary took place even if the victim did not encounter him. While in this case she was unaware of appellant in her home, the likelihood that she would hear a noise and investigate was quite substantial. Likewise, the possibility that appellant would be startled by a noise at the front of the house and exit the back was present. The possibility of the latter happening poses an even greater threat here than in the situation where the victim was on an upper floor of the dwelling.

*Id.* at 429–30, 585 A.2d at 535.

The same rationale which is applied in *Dickison* and *Jackson* concerning "the likelihood of greater mischief" is applicable to a case such as the present one where the victim returns home only to find the sanctity and security of his home shattered by an intruder. The danger of harm to a person is the same whether that person confronts the burglar upon re-entry into his home or whether he comes downstairs and finds the burglar in his living room. While it may be true that some burglars are more "professional" than others and plan their criminal activity so that the occupants are most likely absent when the burglar puts his plan into motion, many burglars simply choose to burglarize a structure which appears unoccupied. In either situation, it does not advance the interests of justice to "reward" the burglar with a lower offense gravity score simply because he was lucky at the moment he entered

the then unoccupied structure. A potentially violent encounter exists whenever a person discovers an intruder inside his home.[4]

For these reasons, we hold that, under 42 Pa.C.S.A. § 9721 (204 Pa.Code § 303.8(d)), burglary of a structure adapted for overnight accommodation "in which at the time of the offense any person is present" includes burglaries where someone enters the structure while the perpetrator is still inside the structure. This is the proper approach as "the likelihood for greater mischief" and violence is equally present both when a person returns to their residence and discovers an intruder and when a person already within the home discovers an intruder.

This approach is consistent with the Sentencing Guidelines. The 1988 commentary by the Commission on Sentencing provides in part:

> The burglary subcategories were designed to differentiate crimes with different potential for injury and impact on the life of the victim. Burglaries 'of a structure adapted for overnight accommodation' include homes, hotels, motels, camp structures, house trailers, etc. ... *Burglaries 'in which at the time of the offense any person is present' include burglaries* where the defendant did not know when he entered the structure that someone was present, and burglaries *where someone such as a returning resident or a policeman enters the structure when the defendant is still inside.*

Pa.C.Sent.3d p. 66 (August 1, 1988) (emphasis added).[5]

Judgment of sentence affirmed.

---

**4.** This case is a perfect example of the violent encounter which can occur upon the return of the homeowner. The defendant in this case was able to leave the structure through the rear of the mobile home, and no one was injured. Although Mr. Heck successfully captured the defendant and turned him over to police once they arrived at the scene, the situation could have very easily resulted in the loss of someone's life.

**5.** Our legislature amended 18 Pa.C.S.A. § 3502 on December 19, 1990. The amendment provides:

   **(c) Grading.—**

(1) Except as provided in paragraph (2), burglary is a felony of the first degree.

(2) If the building, structure or portion entered is not adapted for overnight accommodation and if no individual is present at the time of entry, burglary is a felony of the second degree.

As amended 1990, Dec. 19, P.L. 1196, No. 201, § 1, effective July 1, 1991.

This amendment, according to its language, clearly applies only to structures "**not** adapted for overnight accommodation." (emphasis added). Accordingly, the qualifying language "present at the time of entry" only applies to that category of structures not adapted for overnight accommodation. It appears that the legislature recognized that the security which is associated with one's home is not similarly associated with structures not adapted for overnight accommodation, i.e., a department store. Indeed, if the legislature chose to place the same limiting language on those structures which are adapted for overnight accommodation, it could have easily done so.