Justice ZAPPALA and Justice CAPPY join this Dissenting Opinion.

**HERAEUS ELECTRO NITE CO., Appellant,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ULRICH), Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 20, 1998.

Decided Jan. 19, 1999.

Timothy F. Coffey and Nancy J. Pease, Philadelphia, for Heraeus Electro Nite Co.

David Hawkins, Secretary, W.C.A.B., Anne Marie Ansa, Philadelphia, Dolores Ulrich, Joseph A. Prim, for W.C.A.B.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

### ORDER

PER CURIAM:

**AND NOW,** this 19th day of January 1999, the appeal is dismissed as having been improvidently granted.

Justice CASTILLE dissents.

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Henry EDDINGS, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 1, 1998.

Filed Nov. 6, 1998.

Reargument Denied Jan. 15, 1999.

Royce L. Morris, Harrisburg, for appellant.

Francis Chardo, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before JOYCE and HESTER, JJ., and CIRILLO, President Judge Emeritus.

JOYCE, Judge:

This is an appeal from the judgment of sentence, as made final by the denial of post-

sentencing motions,[1] entered after Appellant, Henry Eddings, was convicted of third degree murder.[2] For the reasons set forth below, we vacate the judgment of sentence and remand for further proceedings. Before addressing the merits of Appellant's claims, we will briefly recount the pertinent facts underlying this appeal.

The police discovered the deceased body of the victim, William Jessup, during the early morning hours of April 19, 1996. Subsequent examination revealed that the victim sustained multiple fractures to his head and neck as a result of being repeatedly struck with a rock or slab of concrete weighing approximately twenty-six (26) pounds. Appellant was later arrested and charged with various crimes in connection with this incident.

A jury trial was held in April of 1997, following which Appellant was duly convicted of the above offense. The trial court imposed a mandatory minimum sentence of twenty-five (25) to fifty (50) years pursuant to 42 Pa.C.S.A. § 9714(a)(2), as the instant offense constituted Appellant's third conviction for a crime of violence. Appellant timely filed post-sentencing motions which were denied by the trial court. This timely appeal followed. Appellant presents the following issues for review:

(1) Whether 42 Pa.C.S.A. § 9714 violates the *ex post facto* clause of the United States and Pennsylvania Constitutions;

(2) Whether 42 Pa.C.S.A. § 9714 is unconstitutionally vague;

(3) Whether the Commonwealth's burden of proving the existence of prior convictions by a *preponderance of the evidence* violates the due process clause of the United States and Pennsylvania Constitutions;

(4) Whether 42 Pa.C.S.A. § 9714 is unconstitutionally vague in failing to define the burden of proof necessary to determine whether the mandatory minimum term of

confinement is sufficient to protect the public safety;

(5) Whether the trial court erred in concluding that Appellant's prior convictions are exempt from the time requirement set forth in 42 Pa.C.S.A. § 9714(b); and

(6) Whether the trial court erred in concluding that the prosecutor offered legitimate race-neutral reasons for its exercise of peremptory challenges against three African–American members of the venire.

Appellant's Brief at 6–7.[3] We begin with a review of Appellant's sixth issue because, if meritorious, it would render moot the sentencing claims.

Appellant contends that the trial court erred in concluding that the prosecutor proffered race neutral reasons for its exercise of peremptory challenges against African–American members of the venire. Appellant thus raises a *Batson*[4] issue.

To establish ... a *[prima facie]* case [of discrimination], a defendant must show that he is [a member] of a cognizable racial group, and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact ... that [the use of] peremptory challenges constitutes a jury selection practice that permits those to discriminate who are of a mind to discriminate. Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen for the petit jury on account of their race. This combination of factors in the empaneling of the petit jury, as in the selection of the venire, raises the necessary inference of purposeful discrimination.

*Commonwealth v. Clark*, 551 Pa. 258, 278, 710 A.2d 31, 41 (1998) (citations and quota-

1. *See Commonwealth v. Chamberlain*, 442 Pa.Super. 12, 658 A.2d 395, 397 (Pa.Super.1995), *appeal quashed*, 543 Pa. 6, 669 A.2d 877 (1995) and Pa.R.Crim.P., 1410 and comment thereto (providing that judgment of sentence becomes final for purposes of appeal when the trial court disposes of defendant's post-sentencing motion).

2. 18 Pa.C.S.A. § 2502(c).

3. We have rephrased the issues for clarity and ease of discussion.

4. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

tion marks omitted). The Supreme Court further requires that a defendant, in his or her *prima facie* case, make a record specifically identifying:

1. the race or gender of all the venirepersons in the jury pools;

2. the race or gender of all venirepersons remaining after challenges for cause;

3. the race or gender of those removed by the prosecutor; and

4. the race or gender of the jurors who served and the gender of jurors acceptable by the Commonwealth who were stricken by the defense.

*Commonwealth v. Rico*, 551 Pa. 526, ——, 711 A.2d 990, 993 (1998) (citations omitted).

After such a record is established, the trial court is to consider the totality of the circumstances to determine whether challenges were used to exclude venirepersons on account of [their] race or gender. If the court finds in the affirmative, the prosecutor is to offer neutral reasons for each of its strikes.... The findings of the trial court are to be given great deference on appeal and will not be disturbed absent a determination that the trial court's ruling was clearly erroneous.

*Commonwealth v. Rico*, 551 Pa. at ——, 711 A.2d at 993 (citations omitted). We will review Appellant's argument and the decision of the trial court in accordance with the above principles.[5]

The record reflects that the prosecutor exercised three of his peremptory challenges to strike African–Americans from the venire.[6] The trial court found that this pattern of strikes established a *prima facie* case under *Batson*. Accordingly, the trial judge required the prosecutor to articulate the reasons for his strikes. N.T. Trial, 4/7–10/97, at 14.

■ The prosecutor explained that he struck the first juror, an African–American, because she did not list any employment on her questionnaire. *Id.* at 15. The Supreme Court has found that unemployment constitutes a race-neutral reason for striking a juror. *Commonwealth v. Rico*, 551 Pa. at ——, 711 A.2d at 993.

The prosecutor next utilized his challenges against non-African-Americans. One juror was struck because of his slovenly appearance and long hair. *Id.* at 15 and 16. The other was struck because the prosecutor thought that she was of a "liberal bent." *Id.* at 15.

■ The next four strikes were exercised against jurors because the prosecutor hoped to seat a juror with whom he had been acquainted and who was further down the list. *Id.* at 17–18 and 20. Of these four individuals, two were African–Americans, one female and the other male. *Id.* at 15–16 and 18. Specifically, the prosecutor used his fourth and sixth strikes against the African–Americans. *Id.* at 15–16 and 18. The prosecutor further explained that he would have exercised peremptory challenges against other jurors before striking the African–American male, however, Appellant's counsel used his own peremptory challenges to strike these individuals. *Id.* at 20. Having reviewed the prosecutor's reasons for his strikes, we are not persuaded that the trial court abused its discretion in concluding that the prosecutor proffered legitimate race neutral reasons for his strikes. Accordingly, no relief is due on this claim.

Appellant's remaining challenges all implicate the imposition of the mandatory minimum sentence. As these questions implicate the legality of Appellant's sentence, they are appealable as of right. 42 Pa.C.S.A. § 9781(a). Because we find Appellant's fifth

---

**5.** Our ability to address this issue is somewhat hampered by the fact that Appellant omitted this issue from his Pa.R.A.P.1925(b) statement. Consequently, the trial court did not discuss this issue in its opinion. While we do not condone Appellant's failure to adhere to the rules, we decline to find the issue waived as we are able to review its merits based on the certified record. *See, e.g., Commonwealth v. Jones*, 542 Pa. 464, 520, 668 A.2d 491, 518 (1995), *cert. denied*, ——

U.S. ——, 117 S.Ct. 89, 136 L.Ed.2d 45 (1996) (conducting an independent review of record to determine whether *Batson* challenge had merit).

**6.** We note that the petit jury consisted of nine women and three men, with two men being selected as alternates. *See* Panel Listing Form. Two of the women were of African–American descent. N.T. Trial, 4/7–10/97, at 13–14.

issue to be dispositive, our analysis will focus on this claim.

Appellant contends that the trial court erred in concluding that Appellant's prior convictions are exempt from the time requirement set forth in 42 Pa.C.S.A. § 9714(b). The record reflects that the Commonwealth invoked the mandatory minimum sentencing provisions set forth in 42 Pa.C.S.A. § 9714(a)(2).[7] N.T. Sentencing, 6/2/97, at 2–3. This statute provides, in relevant part:

> Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.

42 Pa.C.S.A. § 9714(a)(2). A "crime of violence" means, *inter alia*, aggravated assault as defined in 18 Pa.C.S.A. § 2702(a)(1) or (2), or robbery, as defined in 18 Pa.C.S.A. § 3701(a)(i), (ii) or (iii). 42 Pa.C.S.A. § 9714(g).

However, all previous convictions for crimes of violence are not included for purposes of determining whether a mandatory minimum sentence must be imposed. Rather, the statute directs, in pertinent part:

> For the purposes of subsection (a), an offender ... shall be deemed to have prior convictions for crimes of violence if both of the following conditions hold:
>
> (1) The offender was previously convicted of a crime of violence ... [; and]
>
> (2) The previous conviction occurred within seven years of the date of the commission of the instant offense, except that any time during which the offender was incarcerated in any penitentiary, prison, or other place of detention or on probation or parole shall not be considered in computing the relevant seven year period....

42 Pa.C.S.A. § 9714(b)(1) and (2).

The dispute in this case centers on the language set forth in section 9714(b)(2), *su-*

*pra*. It is Appellant's position that only those prior convictions occurring within seven years of the date of the commission of the instant offense may be considered for purposes of imposing the mandatory minimum sentence set forth in section 9714(a)(2). Appellant's Brief at 31–32. The Commonwealth, on the other hand, asserts that the seven-year time requirement should only apply to mandatory minimum sentences imposed under section 9714(a)(1). Commonwealth's Brief at 11–12.

Neither of the parties cite to any pertinent cases in support of their respective positions. Our own research has likewise failed to uncover any pertinent decisional authority. We must accordingly resort to well-settled principles of statutory construction.

The object of all statutory interpretation is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S.A. § 1921(a). Every statute shall be construed, if possible, to give effect to all its provisions. *Id.* at § 1921(a). *See also* 1 Pa.C.S.A. § 1922(2) (requiring the courts to presume that the General Assembly intends the entire statute to be effective and certain). When the words of the statute are not explicit, the intention of the General Assembly may be ascertained, by considering, *inter alia* the factors outlined in 1 Pa.C.S.A. § 1921(1)–(8). We must further presume that the General Assembly does not intend a result that is absurd, unreasonable or unconstitutional. *Id.* at § 1922(1) and (3). Finally, penal provisions must be strictly construed. *Id.* at § 1928(b)(1).

■ Mindful of the above rules, we are persuaded that Appellant's interpretation of the statute is correct. Section 9714(b) expressly states that "[f]or the purposes of *subsection (a)*, an offender shall be presumed to be a high risk dangerous offender and shall be deemed to have prior convictions for crimes of violence if both of the following conditions hold...." 42 Pa.C.S.A. § 9714(b) (emphasis added). By virtue of the refer-

---

7. Because Appellant was sentenced under subsection(a)(2), we will not discuss the provisions of subsection (a)(1).

ence to subsection (a) in its entirety, we find that the General Assembly intended the requirements of 9714(b) to apply to all of subsection (a), rather than subsection (a)(1). Review of both the current and prior versions of section 9714, supports our conclusion.

■ It is evident that the purpose of section 9714 is to deter violent criminal acts by imposing harsher penalties on those who commit repeated crimes of violence. In furtherance of this scheme, the General Assembly has undertaken to define certain terms, including previous convictions for purposes of applying the mandatory sentences. Section 9714(b), in both the prior and current acts, has always limited previous convictions to those occurring within seven years of the commission of the instant offense. *Compare* 42 Pa.C.S.A. § 9714(b) (version prior to December 10, 1995) *with* 42 Pa.C.S.A. § 9714(b) (current version).

Had the General Assembly intended to radically alter the prior law by narrowing the application of 9714(b), it presumably would have so stated by either direct reference to subsection (a)(1) or by the addition of other limiting language. In the absence of such language or reference, we may not read the restriction urged by the Commonwealth into the statute. *See Commonwealth v. Rieck Investment Corp.*, 419 Pa. 52, 59–60, 213 A.2d 277, 282 (1965) (stating that it is not for the court to add, by interpretation to a statute, a requirement which the legislature did not see fit to include); *Commonwealth v. Berryman*, 437 Pa.Super. 258, 649 A.2d 961, 965–966 (Pa.Super.1994) (*en banc*), *appeal denied*, 541 Pa. 632, 663 A.2d 685 (1995) (following *Rieck*). *See also* 1 Pa.C.S.A. § 1923(c) (providing that words and phrases which may be necessary to the proper interpretation of a statute and which do not conflict with its obvious purpose and intent, nor in any way affect its scope and operation, may be added in the construction thereof).

Moreover, the Commonwealth's reading of section 9714 runs afoul of another maxim of statutory construction. According to the Commonwealth, the terms "previous convic-

tion" would have the meaning set forth in section 9714(b) where an offender falls within the ambit of section 9714(a)(1). For those persons covered by 9714(a)(2), however, "previous convictions" would have a different meaning, i.e., it would include all prior convictions for crimes of violence regardless of the time of their occurrence. Such an interpretation is inconsistent with the well-settled principle that "a word or phrase, the meaning of which is clear when used in one section of an act, will be construed to mean the same thing in another section of the same act." *Commonwealth v. Maloney*, 365 Pa. 1, 11, 73 A.2d 707, 712 (1950). *See also Commonwealth v. Berryman*, 649 A.2d at 965 (an interpretation of the language in a section of a statute must remain consistent throughout). We thus decline to apply a different meaning to the terms "previous conviction" when the legislature itself has not provided for a different definition.

In light of the above, we are compelled to conclude that the trial court erred in refusing to apply the time restrictions set forth in section 9714(b) in order to determine whether Appellant's prior convictions could be considered for purposes of applying the mandatory sentence set forth in section 9714(a)(2). Unfortunately, the certified record submitted to this Court does not contain any information regarding the sentences imposed for Appellant's prior convictions. We are therefore unable to ascertain the amount of time that must be excluded from the seven year computation.

Consequently, we are compelled to vacate the judgment of sentence and remand for resentencing in accordance with section 9714(b). Upon remand, the trial court must determine whether Appellant was convicted of a prior crime of violence, as defined in section 9714(g), within seven years of the date of the commission of the instant offense, i.e., April 19, 1996. 42 Pa.C.S.A. § 9714(b)(2). In computing the seven year period, the trial court shall exclude therefrom any time during which Appellant was incarcerated or on probation or parole.[8] *Id.*

---

8. We need not address Appellant's remaining challenges to the constitutionality of section 9714

as these issues may become moot in the event

Judgment of sentence vacated. Remanded for resentencing. Jurisdiction relinquished.

CIRILLO, President Judge Emeritus, files Dissenting Opinion.

CIRILLO, President Judge Emeritus, dissenting:

I disagree with the majority's interpretation of the mandatory minimum sentencing provisions of the Sentencing Code. For this reason, I must respectfully dissent.

In 1982, Eddings was convicted of robbery and received a sentence of 10–23 months of incarceration. Two years later, Eddings was convicted of aggravated assault and was sentenced to serve a term of imprisonment of 1½ to 5 years.

According to 42 Pa.C.S.A. § 9714(a):

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence and has not rebutted **the presumption of high risk dangerous offender** as provided in subsection (c), be sentenced to **a minimum sentence of at least ten years of total confinement,** notwithstanding any other provision of this title or other statute to the contrary. Upon a second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

(2) Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to **a minimum sentence of at least 25 years of total confinement,** notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required. Upon conviction for a

Appellant's prior convictions fall outside the sev-

third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to **life imprisonment without parole.**

42 Pa.C.S.A. § 9714(a) (emphasis added). Pursuant to 42 Pa.C.S.A. § 9714(g), "the term 'crime of violence' means ... aggravated assault as defined in 18 Pa.C.S. § 2702(a)(2) or (2) (relating to aggravated assault) ... or robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii), (iii)." 42 Pa. C.S.A. § 9714(g).

Section 9714(c) describes the formal procedure employed by courts to determine whether an offender is considered a "high risk dangerous offender." This subsection also details the factors to be considered when determining the classification of an offender as "high risk dangerous."

Most relevant to this appeal, however, are the following two sections of subsection (c):

(4) If the court determines that the offender is a high risk dangerous offender, **the court shall state on the sentencing order that the offender has been determined to be a high risk dangerous offender and that the ten-year mandatory minimum sentence under this section shall apply.**

(5) If the court determines that the offender has rebutted by clear and convincing evidence the presumption that he is a high risk dangerous offender, **the court shall state on the sentencing order that the defendant has not been determined to be a high risk dangerous offender and that the ten-year mandatory minimum sentence under this section shall not apply.**

42 Pa.C.S.A. § 9714(c)(4), (5) (emphasis added).

The controversy in this appeal concerns the trial court's treatment of Eddings' prior convictions for crimes of violence when fashioning his sentence under section 9714. Under 42 Pa.C.S.A. § 9714(b):

**(b) Presumption of high risk dangerous offender.**—For the purposes of subsection (a), an offender shall be presumed to be a high risk dangerous offender and shall be

en year period.

deemed to have prior convictions for crimes of violence if both of the following conditions hold:

(1) The offender was previously convicted of a crime of violence. This previous conviction need not be for the same crime as the instant offense of this section to be applicable.

(2) **The previous conviction occurred within seven years of the date of the commission of the instant offense,** except that any time during which the offender was incarcerated in any penitentiary, prison or other place of detention or on probation or parole shall not be considered in computing the relevant seven-year period. Convictions for other offenses arising from the same criminal transaction as the instant offense shall not be considered previous convictions for the purpose of this section. For purposes of this section previous conviction shall include any conviction, whether or not judgment of sentence has been imposed or litigation is pending concerning the conviction.

42 Pa.C.S.A. § 9714(b) (emphasis added). The "7–year time restriction" for previous convictions set forth in subsection (b)(2) is relevant only when determining the presumption of an offender as a "high risk dangerous offender" under the mandatory minimum sentencing provisions. The restriction is not found in any other provision of section 9714.

Presently, the Commonwealth argues that the time restriction of subsection (b)(2) should only apply to sentencing persons under subsection (a)(1), not to sentencing procedures under § 9714(a)(2). I agree.

Contrary to the majority's interpretation of subsection (b)(2), I do not find that the legislature intended the "7–year restriction" to apply to all persons sentenced under subsection (a). Subsection (b) defines under what circumstances a person will be presumed to be a high risk dangerous offender. There is no such "presumption" or "high risk dangerous offender" language anywhere in subsection (a)(2). In fact, the only other portion of the mandatory minimum sentencing provisions that refers to this presumption, other than subsections (a)(1) and (b), is found in subsections (c)(4) and (5). These two subsections state that once a court determines whether a person is a high risk dangerous offender, and whether the defendant has rebutted the presumption, the court shall state on the sentencing order whether the ten-year mandatory minimum sentence shall apply. Interestingly, this "ten-year mandatory minimum sentence" is delineated in subsection (a)(1).

I find the language of subsections (c)(4) and (5) leads to the conclusion that only persons sentenced under subsection (a)(1) are entitled to have previous convictions that occurred seven or more years prior to the present offense excluded for sentencing purposes under the mandatory minimum sentencing provisions. In keeping with this line of reasoning, it seems logical that the legislature would have created the term "high risk offender" and given this type of offender the opportunity to rebut such a presumption in order to receive a more lenient sentence (five years' imprisonment) for persons previously convicted of fewer crimes of violence under (a)(1). In this same vein, these "lesser" offenders under (a)(1) would also be given the benefit of having previous crimes committed more than seven years prior to the present offense discounted for sentencing purposes.

Such a conclusion is also reasonable in light of the fact that persons falling within the sentencing realm of subsection (a)(2) are considered more egregious criminal offenders. These persons have previously committed two or more crimes of violence, whereas those persons sentenced under subsection (a)(1) have committed only one previous crime of violence. Accordingly, an individual who has proven to be a more severe repeat offender under (a)(2) should not be entitled to such a potential "break" in sentencing if his or her previous convictions occurred seven or more years from the date of the current offense.

Again, I believe that the fact that the "7–year restriction" only appears in the context of high risk dangerous offenders outlined in (a)(1) was a conscious choice to punish more severely those sentenced under (a)(2) who are, at a minimum, subject to 25 years of total imprisonment. To construe the Code in

this fashion does not disrupt the purpose of section 9714 as annunciated by the majority. In fact, it enforces the settled legislative intent to "deter violent criminal acts by imposing harsher penalties on those who commit repeated crimes of violence." Majority opinion at 1100.

Additionally, I disagree with the majority's reasoning that adopting the Commonwealth's interpretation of the statue would give a different meaning to the phrase "previous convictions" found in subsections (a)(2) and (b). Omitted in the majority opinion is the complete language of subsection (b). Under this subsection an offender "shall be presumed to be a high risk dangerous offender **and** shall be deemed to have prior convictions for crimes of violence if both of the following conditions hold." 42 Pa.C.S.A. § 9714(b) (emphasis added). As this language indicates, a person who is presumed to be a high risk dangerous offender is not the same as a person deemed to have prior convictions for crimes of violence. Therefore, a person who is sentenced under either subsection (a)(1) or (a)(2) may be considered to have "previous convictions of crimes of violence" under the same meaning of the term, despite the fact that they may not be presumed to be a high risk dangerous offender. I do not find that such an interpretation "run[s] afoul" of maxims of statutory construction.

For the foregoing reasons, I would affirm the trial court. Eddings' prior convictions for crimes of violence are not subject to the "7–year time restriction" outlined in subsection (b)(2).

Furthermore, I urge the legislature to review section 9714, which, at best, serves as a confusion to both the bench and bar for sentencing purposes. In conducting its review, I would find it imperative that the legislature clarify the application of subsection (b)(2) in light of the remainder of the mandatory minimum sentencing provisions— especially section 9714(a).