**COMMONWEALTH OF PENNSYLVANIA,**
**Appellee,**

v.

**Scott KNOWLES, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 26, 2005.

Filed Jan. 12, 2006.

---

Ronald H. Elgart, Fairless Hills, for appellant.

Anthony C. Cappuccio, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before: HUDOCK, MUSMANNO, JJ. and McEWEN, P.J.E.

OPINION BY MUSMANNO, J.:

¶ 1 Scott Knowles ("Knowles") appeals from the judgment of sentence entered after a jury convicted him of burglary, conspiracy, and criminal trespass.[1] We affirm.

¶ 2 The trial court summarized the relevant factual history as follows:

David L. Swasing ["Mr. Swasing"] is the owner of a single family residence located at 118 Martha Drive, Fallsington, Bucks County, Pennsylvania and resides there with his family. At approximately 10:30 a.m. on August 7, 2003, Mr. Swasing left his home to acquire some fixtures from Home Depot. After completing his shopping, he stopped at McDonald's for lunch and then returned home. None of his other family members were at home during his absence. He left his house in an orderly condition with the doors locked.

Mr. Swasing returned home between noon and 12:30 to find a light-colored Ford Taurus parked in his driveway and his front door unlocked. From these circumstances, he surmised that his daughter had come home from work early and had been driven by one of her friends whose car he did not recognize. Because his family had recently acquired a brand-new rug, he removed his shoes before entering the house. When he stepped into the house, he observed two males who were strangers to him. He also observed piles of his personalty, including two television sets and VCRs, a jewelry box and trash bags containing various smaller items of personal property stacked on the landing by his front door. The home is of split-level configuration. As he entered, one of the intruders was coming down the steps from the upper level of the residence which contained the bedrooms. The other [intruder] was coming up from the den. At trial, Mr. Swasing identified [Knowles] as the intruder [who was] coming down the steps from the bedroom area of the house and indicated that he believed that [Knowles] was carrying Mr. Swasing's daughter's television set.

Trial Court Opinion, 6/3/05, 1–2 (citation omitted).

¶ 3 On January 6, 2005, a jury convicted Knowles of the above-stated crimes. The trial court sentenced Knowles on February 14, 2005, to the mandatory minimum prison term of 10 to 20 years pursuant to section 9714 of the Judicial Code. Thereafter, Knowles filed this timely appeal, in which he raises the following issue: "Whether the imposition of the mandatory minimum sentence was improper when no person was present at the time the burgla-

---

1. 18 Pa.C.S.A. §§ 3502, 907, and 3503.

ry was committed?" Brief for Appellant at 1.

¶ 4 Knowles contends that the trial court improperly sentenced him under section 9714 because his burglary conviction did not meet the statute's definition of burglary as a crime of violence. Knowles's argument is essentially one of statutory interpretation. In interpreting a statute, the object "is to ascertain and effectuate the intention of the General Assembly." 1 Pa. C.S.A. § 1921(a). "Every statute shall be construed, if possible, to give effect to all its provisions." *Id.*

■ ¶ 5 We initially note that "the purpose of section 9714 is to deter violent criminal acts by imposing harsher penalties on those who commit repeated crimes of violence." *Commonwealth v. Eddings,* 721 A.2d 1095, 1100 (Pa.Super.1998). Section 9714 provides in pertinent part as follows:

**Sentences for second and subsequent offenses**

**(a) Mandatory sentence.—**

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary....

. . .

(g) **Definition.**—As used in this section, the term "crime of violence" means murder of the third degree, voluntary manslaughter, aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault), rape, involuntary deviate sexual intercourse, aggravated indecent assault, incest, sexual assault, arson as defined in 18 Pa.C.S. § 3301(a)

(relating to arson and related offenses), kidnapping, *burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present,* robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), or robbery of a motor vehicle, or criminal attempt, criminal conspiracy or criminal. solicitation to commit murder or any of the offenses listed above, or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction.

42 Pa.C.S.A. § 9714 (emphasis added). Thus, section 9714 provides that a crime of violence includes, *inter alia,* "burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present." 42 Pa.C.S.A. § 9714(g).

■ ¶ 6 Knowles contends that no person was present at the time of the burglary. Specifically, Knowles argues that the burglary was completed when he and his cohort entered the residence while no person was present. According to Knowles, he and his co-defendant had completed the burglary and were committing only a theft and the accompanying conspiracy when Swasing unexpectedly returned to the residence. Brief for Appellant at 6.

¶ 7 The trial court concluded that the offense was properly viewed for sentencing purposes as a burglary of a structure adapted for overnight accommodation in which, at the time of the offense, any person is present. In reaching this conclusion, the trial court relied upon the rationale of this Court expressed in *Commonwealth v. Stepp,* 438 Pa.Super. 499, 652 A.2d 922 (1995). We agree.

¶ 8 The issue presented in· *Stepp* involved the determination of "whether the proper offense gravity score for the of-

fense of burglary (18 Pa.C.S.A. § 3502) should be a 6 as opposed to a 7, where the structure burglarized is adapted for overnight accommodation and where there is no person present at the time of entry, although a person does arrive after the [d]efendant entered the structure." *Id.* at 923.[2]

¶ 9 The *Stepp* case involved a similar factual scenario to the present case. In *Stepp*, a homeowner left his mobile home during the morning hours and returned home around 12:30 p.m., to find his door open and the doorknob broken. The homeowner reached into the front doorway to retrieve his shotgun and then entered his residence while armed. Stepp attempted to flee from the homeowner, but was eventually caught by the homeowner and later arrested by the police.

¶ 10 In reaching our determination in *Stepp*, this Court explained that

[t]he danger of harm to a person is the same whether that person confronts the burglar upon re-entry into his home or whether he comes downstairs and finds the burglar in his living room. While it may be true that some burglars are more "professional" than others and plan their criminal activity so that the occupants are most likely absent when the burglar puts his plan into motion, many burglars simply choose to burglarize a structure which appears unoccupied. In either situation, it does not advance the interests of justice to "reward" the burglar with a lower offense gravity score simply because he was lucky at the moment he entered the then unoccupied structure. A potentially violent encounter exists whenever a person discovers an intruder inside his home.

*Id.* at 924. This Court went on to hold that, under section 9721, a burglary of a structure adapted for overnight accommodation "in which at the time of the offense any person is present," includes burglaries where a person enters the structure *while the perpetrator is still inside the structure.* *Id.*

¶ 11 In applying the *Stepp* rationale to this case, the trial court provided the following explanation:

The *Stepp* court recognized that a burglary in which the victim returns home during the crime presents "the same likelihood of greater mischief" as a burglary involving an entry which is made while the structure is occupied. The facts of the instant case amply illustrate the wisdom of the Superior Court's determination. Mr. Swasing encountered

**2.** Under 42 Pa.C.S.A. § 9721 (204 Pa.Code § 303.8(d)), the Pennsylvania Commission on Sentencing promulgated sentencing guidelines, which include the following offense gravity scores for burglary:

| 18 Pa.C.S.A. § | Offense Title | Statutory Classification | Offense Gravity Score |
|---|---|---|---|
| 3502 | Burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present. | F1 | 7 |
| 3502 | Burglary of a structure adapted for overnight accommodation in which at the time of the offense no person is present. | F1 | 6 |

42 Pa.C.S.A. § 9721 (204 Pa.Code § 303.8(d)).

[Richardson] and his co-defendant while in his stocking feet, armed with nothing more than righteous and, entirely justified, indignation. Happily, both intruders fled and only a minor scuffle over the keys to the getaway car ensued. Obviously, the potential for great violence, either to [Richardson] and his cohort or to Mr. Swasing existed *because [Richardson] and his co-defendant chose to invade a private residence at a time when there could be no reasonable assurance that one or more of its occupants would not return at any moment.* While in this case it is to the credit of [Richardson] and his codefendant that they eschewed violence, the reason for viewing such intrusions with particular gravity [is] manifest.

Trial Court Opinion, 6/3/05, at 10 (emphasis in original).

¶ 12 As illustrated by the trial court, the *Stepp* rationale is equally applicable to the issue presented in the instant matter given the fact that the purpose of section 9714 is to deter violent criminal acts. *Eddings*, 721 A.2d at 1100. Consequently, we hold that, for the purposes of section 9714, a "burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present," includes a situation where a person returns to the structure while the perpetrator is still present. Thus, we conclude that the trial court did not err in sentencing Knowles to the mandatory minimum prison sentence pursuant to section 9714.

¶ 13 Judgment of sentence affirmed.