J-S51042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KOREY ROBERT WRONSKI | : | |
| | : | |
| Appellant | : | No. 632 MDA 2020 |

Appeal from the Judgment of Sentence Entered March 18, 2020
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0002369-2018

BEFORE:  MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED:  JANUARY 21, 2021**

Korey Robert Wronski (Appellant) appeals from the judgment of sentence entered in the Schuylkill County Court of Common Pleas following his conviction of one count of burglary.[1]  Appellant argues the trial court applied the wrong offense gravity score to his conviction when it found a person was present during the course of a home burglary.  Appellant's Brief at 5.[2]  We affirm.

The trial court summarized the facts as follows:

---

[1] 18 Pa.C.S. § 3502.  Appellant was also convicted of criminal trespass, 18 Pa.C.S. § 3503(a)(1)(i), theft by unlawful taking, 18 Pa.C.S. § 3921(a), and receiving stolen property, 18 Pa.C.S. § 3925(a).  However, he confines his appeal to his burglary conviction and the sentence arising therefrom.

[2] We note that the Commonwealth declined to file a brief in this matter.

On February 4, 2020, a jury found the [Appellant] . . . guilty of burglary, criminal trespass, theft, and receiving stolen property. The victim, Thomas Kane [(T. Kane)], testified at trial that on December 10, 2018, at approximately 9:00pm or 9:30pm, while he and his family were away on a trip to New York City . . . [he] received a notification on his telephone that their surveillance system at their residence . . . detected motion inside the home. [T. Kane] was able to observe an intruder in the home in their kitchen. The intruder had a hoodie on and knocked over the camera in the kitchen area. The Kanes could no longer see what was going on, but they could hear the intruder.

Meanwhile, [T. Kane's] daughter called 911 to report the break-in. The Kanes also contacted a neighbor and nearby friend to go to the residence to investigate. The Kanes observed the neighbors after they entered the home and uprighted the knocked over camera. The Kanes then observed the police come into the home, go up the stairs, and bring the intruder down from an upstairs floor after taking him into custody.

When the Kanes returned home, they found that thing[s] in the home had been moved around and placed in small piles, such as jars containing loose change, as if the intruder was sorting through items he later intended to remove. Kane testified that his wife went to the police station to identify and retrieve items the intruder was found to have had in his pockets.

[T. Kane] estimated that the entire ordeal took approximately 15-20 minutes from the time the intruder entered until the police apprehended him. At trial, [T. Kane] identified [Appellant] as a former employee of the Kanes' deli and catering business. [T. Kane] was not able to identify the intruder during the incident because it was dark and he had a hoodie on.

Next, Dylan Anastacio ("Anastacio") testified that when his girlfriend, Elena Ryan ("Ryan"), received a call from the Kanes, he went to check it to see if anyone was in the [Kanes'] home and to stop them. They walked to the Kanes' residence which was two houses away, and he went through the entire home and did not see anyone. When the police came in, Anastacio and Ryan waited downstairs while the police went upstairs and located and apprehended [Appellant]. Anastacio testified that while he was there, another neighbor and Anastacio's father also came into the home.

Ryan testified that when they entered the home, they yelled and heard someone upstairs. She stayed on the first floor of the home until police arrived.

Officer Frank Gallo of the Mahanoy City Police Department testified that he was on duty with another officer when they received a call of a possible burglary at the Kane residence. When they arrived on scene, the back door was open. They met with the Kanes' friends inside the door. They searched the second and third floors and found [Appellant] lying under a blanket with his feet sticking out in a room on the second floor. Officer Gallo positively identified [Appellant] present in the courtroom [ ]. They removed the blanket and took [Appellant] into custody. A search revealed that [Appellant] had taken possession of a golden wrist watch and a bag of coins.

Trial Ct. Op., June 9, 2020, at 1-3.

On March 18, 2020, the trial court sentenced Appellant to a term of 60 to 120 months' imprisonment. The court applied an offense gravity score of nine because it determined a person was present at the time of the burglary. Appellant filed a timely post-sentence motion challenging the offense gravity score applied at sentencing. Appellant argues the court should have applied the lower offense gravity score corresponding to no persons being present at the time of the burglary, which would have been a seven. *See* 204 Pa. Code § 303.15 (effective June 1, 2018, to December 6, 2019).

The trial court denied the motion on April 14, 2020, and this timely appeal followed. Thereafter, Appellant complied with the trial court's order directing him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises a single issue on appeal:

> Did the Court of Common Pleas of Schuylkill County apply the wrong offense gravity score to Appellant's burglary conviction?

Appellant's Brief at 5.

Appellant frames his claim on appeal as a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Archer*, 722 A.2d 203, 211 (Pa. Super. 1998) (*en banc*); *but see Commonwealth v. Bradley*, 834 A.2d 1127, 1131 (Pa. 2003) (where appellant argues "three strikes" provision was erroneously applied, the question is one of statutory construction, a pure question of law, and thus does not sound entirely in discretionary aspects; if it did, the Court would lack jurisdiction). In cases involving the discretionary aspects of sentence,

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether [ ] appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether [ ] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Bradley*, 237 A.3d at 1138.

Appellant filed a timely notice of appeal and preserved his claim in a timely-filed post-sentence motion. *See* Appellant's Post-Sentence Motion, 3/30/20. In addition, he timely filed a concise statement of reasons relied

upon for appeal pursuant to Pa.R.A.P. 1925(b). **See** Appellant's Brief at 8. Further, his brief includes a statement per Pa.R.A.P. 2119(f). An appellant "presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **Commonwealth v. Conte**, 198 A.3d 1169, 1174 (Pa. Super. 2018) (citation omitted), *appeal denied*, 206 A.3d 1029 (Pa. 2019).

Appellant avers the court applied an incorrect offense gravity score to his conviction when it determined a person was present during the burglary. Appellant argues he was discovered via the video surveillance system prior to entry by any other persons, as distinguished from cases where a home's occupants arrive while the burglar is still present. **See id.** at 10-11. Appellant posits that this situation is distinguishable from both **Commonwealth v. Stepp**, 652 A.2d 922 (Pa. Super. 1995), and **Commonwealth v. Knowles**, 891 A.2d 745 (Pa. Super. 2006), which the Commonwealth relies upon in its argument, because in those cases the homeowners returned while the burglar was still present. **Id.** at 11. Appellant asserts that when the neighbors entered the home, it was at the homeowner's instruction, meaning "[t]hey were not present when the entry to the premises was made[.]" **Id.** at 12.

Thus, Appellant would have this court adopt a definition of burglary to confine the offense to the precise moment of entry. Further, Appellant would have us limit the "persons present" analysis to homeowners. As such, Appellant would limit this Court's focus to the moment when the Kane's neighbors entered the home after learning that someone had broken in, thus distinguishing *Stepp* and *Knowles*, where occupants re-entered their home without such knowledge. *Id.* at 11-12.

Appellant reasons that his conviction and sentence, if upheld by this Court, would lead to "the arrival of the police creat[ing] a situation where a person is present, as does arrival of the mailman, the garbage man, the telephone service representative or anyone who may enter the yard or porch area of the residence." Appellant's Brief at 12. He further states that the trial court's reasoning could extend to scenarios where an initial burglar breaks into a residence and then a second, unaffiliated burglar also enters the residence while the first burglar is still present. *Id.* at 12-13. In such a hypothetical, both burglars would unknowingly subject themselves to the higher penalties associated with Section 3502(a)(1), as opposed to 3502(a)(2). We reject this argument.

This Court has stated "[a]n improper calculation of the offense gravity score affects the outcome of the sentencing recommendations . . . thereby compromising . . . the sentencing process" and presents a substantial question. **See Archer**, 722 A.2d at 210-11. However, the sentencing guidelines are not mandatory, but merely instructive and the failure to sentence within the guidelines is not a per se basis for remand. **See Commonwealth v. Antidormi**, 84 A.3d 736, 760 (Pa. Super 2014).

"The different gravity scores for burglaries committed of structures where persons are present and structures where persons are not present is premised upon the likelihood of greater mischief in the former situation." **Stepp**, 652 A.2d at 923 (citation omitted). When a person is on the premises during the course of a burglary, there is a higher likelihood of potential harm to persons and so a higher offense gravity score will be applied. **See id.** at 923-24. Additionally, this heightened level of danger remains the same whether the person confronts the burglar upon re-entry to the home or happens upon the intruder during the initial entry because "[the potential for a] violent encounter exists whenever a person discovers an intruder inside his home." **Id.** at 924 (footnote omitted).

Upon review of the record, we find no basis to conclude the offense gravity score applied by the trial court was inappropriate. Appellant's argument implies that because the homeowner was not the one present, that

no "person" was inside the home. However, the subsection in question applies when, during a burglary, "at the time of the offense **any person** is present." 18 Pa.C.S. § 3502(a)(1)(ii). Thus, by its own language, the section is not limited to the property owner. Appellant asks this Court to limit its inquiry to the initial entry arguing the crime of burglary can only be accomplished at the time of entry. Burglary (as opposed to theft and related offenses) is not an "ongoing" offense and therefore because nobody was in the Kane home when Appellant initially broke in, the lower offense gravity score should apply. *See* Appellant's Concise Statement of Matters Complained of on Appeal, 5/8/20. Appellant attempts to distinguish this conduct from both *Stepp* and *Knowles*.

In *Stepp* and *Knowles*, the victims entered the home after the burglary had commenced, and both cases affirm application of Section 3502(a)(1)(ii). In *Knowles*, the victim was not aware of the burglar's presence before entry; rather, he assumed that his daughter had come home from work early. *See Knowles*, 891 A.2d at 746. In *Stepp*, the homeowner quickly surmised that a break-in had occurred and might be ongoing, and reached into his home to grab his shotgun. *See Stepp*, 652 A.2d at 922. Similarly, here, the Kanes' neighbors were aware of the potential presence of a burglar and entered the home with the consent of the owner. The neighbors knowingly confronting a

burglar inside the Kane home sufficiently qualifies as a "person present" under the statute. *See Stepp*, 652 A.2d at 924; *see also Knowles*, 891 A.2d at 749 (holding that burglary of a home in which at the time of the offense "any person is present," covers scenarios where "a person returns to the structure while the perpetrator is still present.") (citations omitted). Additionally, we accept the trial court's view that 18 Pa.C.S. § 3502(a)(1)(ii)'s "any person" language refers to **any person**, "not just to the homeowner." *See* Trial Ct. Op. at 5-6.

We need not reach Appellant's argument that recognizing the victim's neighbors as "persons present" will lead to situations where "anyone who may enter the yard or porch area" may be deemed as persons present under the statute, thereby raising the offense gravity score. *See* Appellant's Brief at 12. These situations are distinguishable from the facts here and are not before us. Appellant's situation is most comparable to *Stepp*, where the Court held that a returning occupant falls under the "any person" language because the likelihood of greater danger where a burglar might encounter a lawful occupant "is equally present both when a person returns to their residence and discovers an intruder and when a person already within the home

discovers an intruder." ***Stepp***, 652 A.2d at 924. ***Stepp*** quotes the 1988 commentary by the Commission on Sentencing as follows:

> The burglary subcategories were designed to differentiate crimes with different potential for injury and impact on the life of the victim. Burglaries 'of a structure adapted for overnight accommodation' include homes, hotels, motels, camp structures, house trailers, etc. . . . **Burglaries 'in which at the time of the offense any person is present' include burglaries** where the defendant did not know when he entered the structure that someone was present, and burglaries **where someone such as a returning resident or a policeman enters the structure when the defendant is still inside.**

***Id.*** (citation omitted).

    ***Stepp*** controls, and Appellant's argument is governed thereby. Because Appellant cannot demonstrate that his sentence was illegal or the result of an abuse of discretion, we affirm.

    Judgment of sentence affirmed.


    Judge Murray joins this memorandum.

    Judge McLaughlin concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/21/2021