**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2587
_____

CHRISTOPHER FORMAN,
                                        Appellant
v.

DISTRICT ATTORNEY PHILADELPHIA;
ATTORNEY GENERAL PENNSYLVANIA;
SUPERINTENDENT FRACKVILLE SCI
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:21-cv-04707)
District Judge: Hon. Joseph F. Leeson, Jr.
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 2, 2024
_____

Before: SHWARTZ, MATEY, and FISHER, *Circuit Judges*

(Filed: March 18, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Eliezer Colon returned home to find his front door deadbolted from the inside. At the back door, two men were dragging away his gun safe. Both fled, but Colon pursued and restrained Christopher Forman until police arrived. A jury convicted Forman of burglary of an "occupied structure . . . in which at the time of the offense any person is present." *See* 18 Pa. Cons. Stat. § 3502(a)(1)(ii). This aggravated form of burglary carried an enhanced mandatory minimum sentence because Forman had been convicted of a crime of violence before his arrest. *See* 42 Pa. Stat. and Cons. Stat. § 9714(a)(1).

Forman appealed, arguing there was insufficient evidence that anyone was present *inside* the home during the burglary. *Commonwealth v. Forman*, No. 3389 EDA 2019, 2020 WL 6281755, at *2 (Pa. Super. Ct. Oct. 27, 2020). The Pennsylvania Superior Court rejected this argument by analogizing to its prior holding that "when a homeowner is seated on the back porch of her home at the time it is burglarized, the homeowner is present 'within the structure.'" *Id.* at *4 (quoting *Commonwealth v. Jackson*, 585 A.2d 533, 534 (Pa. Super. Ct. 1991)). And "the potential for greater mischief and violence," the statutory scheme's purpose, was "actually realized" when Colon caught Forman in the act. *Id.* at *5. Forman then timely filed this petition for a writ of habeas corpus raising the same challenge. The District Court denied Forman's petition but issued a certificate of appealability.[1]

---

[1] The District Court had jurisdiction under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Where, as here, the District Court did not conduct an evidentiary hearing, our review is plenary. *Jacobs v. Horn*, 395 F.3d 92, 99 (3d Cir. 2005).

A petitioner challenging the sufficiency of the evidence for a state criminal conviction under 28 U.S.C. § 2254 is entitled to relief if "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). But the findings "must be gauged in the light of applicable [state] law defining the element." *Id.* And "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Based on his unrebutted testimony, a rational jury could conclude that Colon stepped onto the porch and attempted to enter his home during the burglary. Forman agrees but argues that because Colon never made it across the threshold, he was merely present *at* his house and not *in* it. However, the Pennsylvania Superior Court considered, and rejected, Forman's construction of the statute. *Forman*, 2020 WL 6281755, at *5. We lack the authority to reconsider that determination of Pennsylvania law on habeas review.[2] *See Estelle*, 502 U.S. at 67–68; *see also* 28 U.S.C. § 2254(d). Accordingly, we will affirm the District Court's judgment.

---

[2] To the extent Forman raises a constitutional challenge based on the insufficiency of the evidence to support his conviction, this argument fails. As stated above, under the relevant Pennsylvania burglary statute, a person is "present" when he returns home after the defendant has already entered his home. *See, e.g.*, *Commonwealth v. Stepp*, 652 A.2d 922, 923–24 (Pa. Super. Ct. 1995). "[V]iewing the evidence in the light most favorable to the prosecution," *see Jackson*, 443 U.S. at 319, any rational trier of fact could have found that a person was "present" at the time of the burglary, based on the evidence that the victims 1) returned home during the offense, 2) attempted to enter their home but could not, 3) drove to the back of their home where they encountered Forman, and 4) ultimately chased and apprehended him. Thus, there was sufficient evidence to support the conviction.

3