483 A.2d 874

**COMMONWEALTH of Pennsylvania,**

v.

**Robert C. DICKISON, Appellant.**

Superior Court of Pennsylvania.

Submitted July 12, 1984.

Filed Oct. 23, 1984.

---

3. Appellant's other allegations of error are without merit.

Jeffrey G. Velander, Stroudsburg, for appellant.

Robert C. Lear, Assistant District Attorney, Stroudsburg, for Commonwealth, appellee.

Before WIEAND, OLSZEWSKI and POPOVICH, JJ.

WIEAND, Judge:

Robert C. Dickison entered a plea of guilty to a charge of burglarizing two unoccupied rooms at the Quality Motor Inn, East Stroudsburg, Monroe County. The sentencing court imposed a sentence of imprisonment for not less than two nor more than four years. In determining this sentence, the court attached to the offense a gravity score of seven under the legislatively adopted Sentencing Guidelines. Appellant contends on appeal that his offense should have been given a gravity score of only six because the motel units were unoccupied. We agree. Therefore, we remand for resentencing.

██ Before we consider this issue, we must first determine whether it has been preserved for appellate review. Dickison did not file in the trial court a petition to modify his sentence. The issue of the gravity score to be applied to the offense, however, had been raised at the time of sentencing and had been specifically considered by the sentencing court at that time. It was also treated in the Memorandum Opinion filed by the sentencing court pursuant to the mandate of Pa.R.A.P. 1925(a). Most importantly, although the sentencing court advised Dickison of his right to appeal from the judgment of sentence, it neglected to advise him of the necessity to file a motion to reconsider the sentence in the trial court. This failure, it has been held, will permit appellate review of sentencing errors on direct appeal without a prior motion to reconsider in the trial court. See: *Commonwealth v. Walker*, 298 Pa.Super. 387, 395 n. 9, 444 A.2d 1228, 1232 n. 9 (1982).

The sentencing court gave the offense a gravity score of seven pursuant to and in accordance with the subsection of 204 Pa.Code § 303.8 which pertains to "[b]urglary of a structure adapted for overnight accommodation in which at

the time of the offense any person is present." Appellant contends that the correct gravity score for his offense was six because it was a "[b]urglary of a structure adapted for overnight accommodation in which at the time of the offense no person is present." The sentencing court held that the word "structure" referred to the motel; whereas, appellant contends that each unit of the motel constituted a distinct "structure." The court assessed the higher gravity score because the motel was open for business and several units were occupied even though the units burglarized by appellant were not then occupied.

The Quality Motor Inn consists of more than one hundred individual units, housed in several, two-story buildings forming a motel complex. Appellant was charged specifically with entering Rooms 235 and 237 "which said premises were not then open to the public" with the intent to commit a crime therein.[1] The language of the information, it seems clear, suggested that the premises burglarized had been individual, unoccupied units of the motel and not the entire motel.

■ The different gravity scores for burglaries committed of structures where persons are present and structures where persons are not present is premised upon the likelihood of greater mischief in the former situation. If a burglary is committed while the structure is occupied, the potential for additional and more serious offenses is always present. Even if no further crime is committed, the presence of the victims and the potential for harm to them suggest an offense possessing gravity greater than when no person is present. When the reason for the distinction is applied to motel complexes, the gravity score must be determined according to the unit burglarized. Otherwise, the lesser gravity score can have no application to a motel unless, perhaps, it is closed for the season. Except when closed, the motel will at the very least be occupied by a desk clerk who awaits expected lodgers. This, we conclude, was not the presence contemplated by the Commission when it

1. The crime of theft was committed by the taking of a television set.

assessed a higher gravity score to burglaries of overnight accommodations in which one or more persons are present.

 We hold, therefore, that the higher gravity score is applicable only where there are persons present in the motel unit burglarized; where no one is present in the motel unit, the lower gravity score should be applied. In the instant case the motel units burglarized were alleged to be and were, in fact, unoccupied. No persons were present when the offense was committed. Therefore, the sentencing court was in error when it applied the greater gravity score.

It is argued by the Commonwealth that the error was harmless because the minimum range of two years could properly be imposed under either gravity score. It must be conceded that this argument has superficial appeal. If the offense carries with it a gravity score of six, the guidelines suggest a normal minimum range of 12 to 29 months; whereas, the normal minimum range for an offense having a gravity score of seven is 22 to 39 months. However, it is not at all clear that the error of the sentencing court had no effect on the court's determination of the sentence to be imposed. The record is clear that the court imposed a sentence for burglary of a structure which the court believed to be occupied by other persons. The court's continued belief that this was the correct approach is apparent from the memorandum opinion which it prepared. This interpretation, we have concluded, was erroneous. A remand, therefore, is necessary.

The judgment of sentence is vacated, and the case is remanded for resentencing. Jurisdiction is not retained.

POPOVICH, J., filed a dissenting statement.

POPOVICH, Judge, dissenting:

In the absence of any citation or authority, this writer is not prepared to conclude that the presence of a desk clerk was not contemplated by the Commission on Sentencing, hence my dissent.