585 A.2d 533

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**William D. JACKSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 12, 1990.

Filed Feb. 6, 1991.

Shelley Stark, Public Defender, Pittsburgh, for appellant.

Thaddeus A. Dutkowski, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before CAVANAUGH, POPOVICH and BROSKY, JJ.

CAVANAUGH, Judge.

Before us is an appeal from the judgement of sentence entered May 18, 1990. The sole issue on appeal is whether, for the purpose of the sentencing guidelines, a house is occupied when the owner or tenant is sitting on the back porch. We hold that when the rightful possessor is seated on the back porch of her home at the time it is burglarized, that person is within the structure for the purposes of calculating the gravity of the offense under the sentencing guidelines. We affirm the sentence.

On January 31, 1990 appellant, William Jackson, entered a plea of nolo contendere to the charges of Burglary, Theft By Unlawful Taking and Receiving Stolen Property. It was established during the plea colloquy that approximately noon on June 27, 1989, while driving his personal vehicle, a local police officer passed the residence of the victim. The officer, who knew the victim, observed her on the back porch. He also observed appellant enter the front door of the residence. The police officer turned his car around and continued to watch the house. After witnessing appellant come out the front door the officer called out for him to stop. When appellant fled, the officer gave chase. Appellant was apprehended by two citizens shortly thereafter. For the duration of these events, the victim was seated on a porch connected to the rear of the dwelling and was unaware of the crime until the police returned to the scene.

When applying the Pennsylvania sentencing guidelines the trial court used a value of seven (7) for the Offense Gravity Score. A value seven (7) Burglary is defined in the guidelines as:

Burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present.

A Burglary carrying a Gravity Value Score of six (6) is defined as:

Burglary of a structure adapted for overnight accommodation in which at the time of the offense no person is present.

The trial court concluded that a person on an attached back porch is within the structure of the dwelling for purposes of the guidelines. We agree.[1]

Initially we conclude that appellant has raised a substantial question in his challenge to the discretionary aspects of sentencing. Where the appellant avers that the sentencing court failed to properly apply the sentencing guidelines a substantial question as to the appropriateness of the sentence has been raised. *Commonwealth v. Drumgoole*, 341 Pa.Super. 468, 491 A.2d 1352 (1985). By asserting that the trial court applied the wrong Gravity Value Score in applying the sentencing guidelines, appellant has raised a substantial question that the sentence is not appropriate under the guidelines.

We turn now to the substance of appellant's challenge. We find the lower courts reasoning to be quite sound. In *Commonwealth v. Dickison*, 334 Pa.Super. 549, 483 A.2d 874 (1984), we stated:

The different gravity scores for burglaries committed of structures where persons are present and structures where persons are not present is premised upon the likelihood of greater mischief in the former situation. If a burglary is committed while the structure is occupied, the potential for additional and more serious offenses is always present. Even if no further crime is committed, the presence of the victims and the potential for harm to

---

1. Although there is no other evidence in the record, the Commonwealth argued at sentencing that this was an appurtenant back porch with the only means of ingress or egress being via the dwelling.

them suggest an offense possessing gravity greater than when no person is present.

In *Dickison,* we held that each unit of a motel complex was a separate structure for the purpose of applying the sentencing guidelines and the presence of persons in other units or the presence of the desk clerk in the office was not the type of presence contemplated by the sentencing commission in assigning the higher gravity score. We find that this case is factually different and therefor not controlled by *Dickison.*

Appellant also directs our attention to *Commonwealth v. Cannon,* 297 Pa.Super. 106, 443 A.2d 322 (1982), where we held that a fenced in back yard was not a "building or occupied structure" as defined in the criminal trespass statute. There the defendant broke the lock on a gate and entered the back yard of the victim's house. In *Cannon,* the defendant had been charged with criminal trespass of a building or occupied structure. We stated that the statute describing defiant trespasser, a less serious offense, was more specific and more closely described the defendants conduct. We relied on this as "further evidence" that the legislature did not intend the defendant's conduct to be punished under the more serious offense. The present case is distinguishable in that the victim was on the porch and not in the yard. The porch is attached to the dwelling and forms part of the contiguous structure. Furthermore, in *Cannon* the question was one of the perpetrator's location, not the presence of the victim for gradation purposes and the legislature had seen fit to define a separate offense for entering an area enclosed by a fence. We find that *Cannon* is inapplicable here.

In this case the likelihood of greater mischief was present. While the victim was sitting on the back porch of her home appellant entered the front. We would not hear appellant complain if the victim was in an upstairs bedroom while the burglary took place even if the victim did not encounter him. While in this case she was unaware of appellant in her home, the likelihood that she would hear a

noise and investigate was quite substantial. Likewise, the possibility that appellant would be startled by a noise at the front of the house and exit the back was present. The possibility of the latter happening poses an even greater threat here than in the situation where the victim was on an upper floor of the dwelling. We hold that, for the purpose of determining the gravity value score for a burglary sentence, a back porch attached to a residential dwelling is part of the "structure" and the lower court correctly used a gravity score of seven (7) when applying the sentencing guidelines.

Judgment of sentence affirmed.