J-S40038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

ROBERT DEAN CHAPMAN

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 190 MDA 2014

Appeal from the Judgment of Sentence July 19, 2012
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001528-2010

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.:                    **FILED AUGUST 21, 2014**

Appellant, Robert Dean Chapman, appeals from the judgment of sentence entered July 19, 2012, by the Honorable John H. Chronister, Court of Common Pleas of York County.  We affirm.

The trial court previously recounted the facts and lengthy procedural history of this case as follows.

> In March 2010, Appellant was charged with Burglary, Criminal Conspiracy to Commit Burglary, Criminal Trespass, Theft by Unlawful Taking, Recklessly Endangering Another Person, and Driving While Driving Privilege Suspended.
>
> According to the Affidavit of Probable Cause filed by State Trooper Justin Dembowski, on October 20, 2009 at approximately 10:10 a.m., a black pickup truck was fleeing from a residence located at 1287 Paper Mill Road in Peach Bottom Township in York County, Pennsylvania.  The owner of the residence claimed that the truck's occupants had burglarized the premises.  According to the owner, as he was approaching his house he observed an unknown black pickup truck in his driveway.  As he was pulling into the driveway, the owner

observed that his dog cage and "metal brake" were in the bed of the unknown truck and that two unknown white males were running from his house. The Owner stated that he observed Appellant run from the back door of the residence's garage and get into the driver's seat of the truck. The driver then accelerated towards the owner, forcing him to swerve into his yard to avoid a collision with the fleeing vehicle.

According to the owner, he caught up to the black truck and provided police with the registration plate. After an extensive search, one hour later the police located Appellant approximately 300 yards from the vehicle from which he had fled. The other male, the codefendant, was also located.

Trial Court Opinion, 9/27/11 at 2-3.

On October 5, 2010, Appellant [pled] "no contest" to the following charges: burglary pursuant to 18 Pa.C.S. § 3502(a) and criminal conspiracy to commit burglary pursuant to 18 Pa.C.S. § 903. Appellant's plea was accepted by [the trial court], and as a result, Appellant was given a sentence of 48-96 months in a state penitentiary. On January 7, 2011, [the trial court] denied Appellant's Post-Conviction Relief Act ("PCRA") Petition. On [a]ppeal, the Superior Court vacated [the] [c]ourt's decision regarding Appellant's PCRA Petition. [This] Court stated in its Opinion that the trial court should have treated a *pro se* motion, filed by Appellant on October 8, 2010, as a timely-filed *pro se* post-sentence motion. Also, [this] Court found the record to be devoid of any evidence that the trial court sought to determine that Appellant was informed of his post-sentence and appellate rights, resulting in a breakdown of the [c]ourt's system. The matter was remanded for further proceedings. [**See Commonwealth v. Chapman**, No. 227 MDA 2011 (Pa. Super., filed May 9, 2012).]

On remand, during the June 12, 2012 Post-Sentence Motion Hearing, [the trial] [c]ourt granted in part and denied in part Appellant's "post-sentence motion." [The] [c]ourt determined that the subject burglarized structure was not occupied at the time of the burglary, and therefore, the Offense Gravity Score should be a seven (7) rather than a nine (9).

Appellant was resentenced on July 19, 2012 for the aforementioned charges upon the acceptance of his nolo contendere plea. Further, the burglary conviction was graded as

- 2 -

a felony of the first degree pursuant to 18 Pa.C.S. § 3502(c)(1). Finally, the [c]ourt sentenced Appellant within the guideline range for burglary with an offense gravity score of 7.

On November 7, 2012, Appellant was scheduled for another PCRA Hearing. During this PCRA Hearing, Appellant made an oral post-sentence motion, which requested the [trial] [c]ourt to allow him to withdraw his PCRA petition, and to reinstate his appellate rights *nunc pro tunc*. Appellant's motion was granted.

Appellant filed a Notice of Appeal on December 6, 2012[,] from the Sentencing Order of July 19, 2012. Pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), [the trial] [c]ourt ordered Appellant to file a Concise Statement of Matters Complained of on Appeal within twenty-one (21) days from the date of the Order. The Appellant filed his statement on December 26, 2012. [The trial] [c]ourt filed its opinion pursuant to Pa.R.A.P. 1925(a) on February 6, 2013. [This] Court affirmed [the trial] [c]ourt's decision on September 4, 2013.[1] [On January 10, 2014, by agreement with the Commonwealth,] Appellant's appellate rights were [again] reinstated.

Trial Court Opinion, 3/11/14 at 1-3. This timely appeal followed. Both Chapman and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Chapman raises the following issue for our review:

The lower court erred in determining sentencing guideline calculations when sentencing Appellant by applying the gravity score for an unoccupied structure adapted for overnight accom[m]odations (OGS 7) when the structure was not adapted for overnight accom[m]odations (OGS 5).

Appellant's Brief at 4.

_____

[1] In that appeal, Chapman raised the same challenge to the discretionary aspects of his sentence as in the instant appeal, but failed to include a Pa.R.A.P. 2119(f) statement with his appellate brief, and the Commonwealth objected. Due to this omission, a panel of this Court determined that Chapman had waived his challenge on appeal. ***See Commonwealth v. Chapman***, 82 A.3d 1080 (Pa. Super., filed July 26, 2013) (mem. op.).

Chapman's claim raises a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Jackson*, 585 A.2d 533, 428 (Pa. Super. 1991) (assertion that trial court applied wrong offense gravity score in applying the sentencing guidelines challenges discretionary aspects of sentence). A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [We] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Initially, we must address whether Chapman adequately preserved this issue at sentencing. The transcript from the resentencing hearing conducted July 19, 2012 reveals that Chapman acknowledged that the trial court had previously dropped the offense gravity score from a nine to a seven. *See* N.T., Resentencing Hearing, 7/19/12 at 4. After Chapman finished his

remarks to the court, the following exchange occurred between defense counsel and the trial court:

> THE COURT:     Anything else?
>
> [DEFENSE COUNSEL]: No.  As to the offense gravity score, I know he brought it up.  You've already made a ruling on that at the PCRA hearing testimony.
>
> THE COURT:     *He agreed to it as I recall.*
>
> [DEFENSE COUNSEL]: *He agreed to it.  It was a home being renovated or building being renovated to be a home, so that's the issue.  And the guidelines are the guidelines, 35 to 45 for the most serious offense.*

*Id*. at 7 (emphasis added).  Later, in imposing the sentence, the trial court reiterated, without objection, that "[t]he OGS for the most serious offense, being burglary, is a 7.  The Defendant has agreed that that is the OGS for this offense." *Id*. at 8.

Based on the foregoing, it is clear that, at the very least, Chapman failed to contest the application of an offense gravity score of seven to the charge of Burglary at sentencing, and, at most, he acquiesced to that calculation.  As such, we are constrained to find that Chapman has failed to invoke our jurisdiction over his challenge to the discretionary aspects of his sentence.  *See Moury*, *supra*.  We note that even if we were to address Chapman's challenge, we are satisfied that the trial court applied the correct offense gravity score for burglary of a structure adapted for overnight accommodations in this instance.  *See* Trial Court Opinion, 2/6/13 at 7-10.  Therefore, we would still find this claim to be without merit.

Judgment of sentence affirmed.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/21/2014