J-A26043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MUCIA TERESA STARR | |
| Appellant | No. 2034 MDA 2013 |

Appeal from the Judgment of Sentence October 15, 2013
In the Court of Common Pleas of Montour County
Criminal Division at No(s): CP-47-CR-0000100-2013

BEFORE: BOWES, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED DECEMBER 01, 2014**

Appellant Mucia Teresa Starr ("Appellant") appeals from the judgment of sentence entered in the Montour County Court of Common Pleas following her guilty plea to one count of Possession of a Controlled Substance With Intent to Deliver ("PWID"),[1] a felony of the third degree, and one count of Adulteration or Misbranding of a Controlled Substance,[2] a misdemeanor of the third degree. After careful review, we affirm.

On September 3, 2013, Appellant pleaded guilty to the above-referenced charges stemming from her sale of 92 Percocet pills to a police

_____

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(2).

confidential informant. On October 15, 2013, the trial court imposed a sentence of 24 to 48 months of incarceration for the PWID conviction and a consecutive term of 12 months of probation for the Adulteration or Misbranding of a Controlled Substance conviction. Appellant did not file post-sentence motions.

Appellant timely appealed on November 13, 2013. On November 27, 2013, she filed a Pa.R.A.P. 1925(b) statement raising two sentencing claims: (1) the trial court erred by employing an incorrect standard guideline range, and (2) the trial court erred by failing to consider certain mitigating factors at sentencing. The trial court filed its Pa.R.A.P. 1925(a) opinion on January 9, 2014.

> On appeal, Starr raises the following issues for our consideration:
>
> 1. QUESTION: Whether the [c]ourt below abused its discretion in not holding a [h]earing regarding both the lack of expert testimony when the issue of the proper Offensive Gravity Score was based on the weight of the controlled substance versus the number of pills possessed by the Appellant[]?
>
> 2. QUESTION: Whether the lower [c]ourt abused its discretion in not questioning the Appellant as to whether her plea was knowing and voluntary as to her being sentenced on the basis of possessing 92 pills, rather than on the basis of the actual weight of the controlled substance (0.46 grams[)?]
>
> 3. QUESTION: The lower [c]ourt further abused its discretion in accepting the Appellant's guilty plea without explaining the importance and difference of her plea to possessing "92 pills", rather than to possession of 0.46 grams of the controlled substance?
>
> 4. QUESTION: Whether the lower [c]ourt's use of the raw total of pills caught in [Appellant's] possession rather than the actual

weight of the controlled substance she possessed, without expert testimony that all 92 pills contained a controlled substance, constituted an abuse of discretion?

5. [QUESTION:] Did the [l]ower [c]ourt err in assessing an Offense Gravity Score of 10, instead of an Offense Gravity Score of 6, in computing the Appellant's sentence?

6. [QUESTION:] Was the Appellant denied Due Process of law as protected under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, because the lower [c]ourt's sentence undermined the uniformity of sentencing, was inconsistent and therefore [] arbitrary?

Appellant's Brief at 4-5. While these questions presented differ from those in Appellant's 1925(b) statement, they all concern her contention that the trial court applied an improper Offense Gravity Score in sentencing her on the PWID charge.[3] Therefore, we treat the claims collectively as a single claim that the trial court erred by using an improper Offense Gravity Score.[4] Since this claim appears in Appellant's 1925(b) statement, we may proceed.

_____

[3] Appellant does not challenge the trial court's sentence for the Adulteration or Misbranding of a Controlled Substance conviction.

[4] Appellant's 1925(b) statement raised the additional claim that the trial court failed to consider certain mitigating factors in imposing sentence, to wit, her age, her status as a homemaker and caretaker of a child, her health issues, and her attendance at, and participation in, a local church. *See* 1925(b) Statement, ¶ 2. While the Commonwealth briefed this issue, Appellant did not, and it is accordingly waived. *See* Commonwealth's Brief, pp. 11-13; *see generally*, Appellant's Brief; *see also Commonwealth v. Berry*, 887 A.2d 479, 485 (Pa.Super.2005) (issues not briefed are waived); *Commonwealth v. Reyes*, 870 A.2d 894 n.3 (Pa.2000) (same). We also note that, even if briefed, this issue would not have presented a substantial question for our review. *See Commonwealth v. Johnson*, 961 A.2d 877 (Pa.Super.2008), *appeal denied*, 968 A.2d 1280 (Pa.2009);
*(Footnote Continued Next Page)*

Appellant's claim challenges the discretionary aspects of sentence.

*See Commonwealth v. Lamonda*, 52 A.3d 365 (Pa.Super.2012) (explaining that a sentencing court's application of an allegedly incorrect Offense Gravity Score challenges the discretionary aspects of sentencing). Our standard of review for discretionary aspects of sentencing claims is as follows:

> If this Court grants appeal and reviews the sentence, the standard of review is well-settled: sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

*Commonwealth v. Malovich*, 903 A.2d 1247, 1252-53 (Pa.Super.2006) (citations omitted).

"Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of

*(Footnote Continued)* ────────────

*Commonwealth v. Coolbaugh*, 770 A.2d 788, 793 (Pa.Super.2001). Finally, because in sentencing Appellant the trial court did, in fact, consider the very factors Appellant claims it ignored, the issue also fails on the merits. *See* 1925(a) Opinion, p. 3.

- 4 -

appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Allen***, 24 A.3d at 1064.

In the present case, Appellant filed a timely notice of appeal and preserved her issue by raising it before the trial court at sentencing. ***See*** N.T. 10/15/2013, pp. 2-6, 8-12. She did not, however, include a Pa.R.A.P. 2119(f)[5] statement in her brief. This technical noncompliance would be a fatal defect had the Commonwealth objected in its brief. ***See, e.g., Commonwealth v. Karns***, 50 A.3d 158, 166 (Pa.Super.2012) ("If a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim."); ***see also Commonwealth v. Brougher***, 978 A.2d 373, 375 (Pa.Super.2009) ("[C]laims relating to the discretionary aspects of a sentence are waived if an appellant does not include a Pa.R.A.P. 2119(f)

_____

[5] In pertinent part, Rule 2119 provides:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for the allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f).

statement in his brief and the opposing party objects to the statement's absence."); *Commonwealth v. Tuladziecki,* 522 A.2d 17 (Pa.1987) (failure to comply with procedural requirements for review of discretionary aspects of sentence claims is fatal to claim). However, because the Commonwealth did not object in its brief, we may overlook the omission of a Pa.R.A.P. 2119(f) statement and reach the merits of Appellant's issue. *See Commonwealth v. Gould*, 912 A.2d 869, 872 (*quoting Commonwealth v. Bonds*, 890 A.2d 414, 418 (Pa.Super.2005) ("[i]n the absence of any objection from the Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f)") (internal brackets omitted). Accordingly, we now determine whether Appellant has raised a substantial question(s) for review and, if so, proceed to a discussion of the merits of the claim. Pa.R.A.P. 2119(f); *Tuladziecki*, *supra*.

"A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the [sentencing] code or is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa.Super.2013) (internal citations omitted); *see also* 42 Pa.C.S. § 9781(b). "We determine whether a particular case raises a substantial question on a case-by-case basis." *Christine*, 78 A.3d at 10. An allegation that a trial court employed an improper calculation of an Offense Gravity Score raises a substantial question for appellate review.

*See, e.g., Commonwealth v. Archer*, 722 A.2d 203, 210-211 (Pa.Super.1998) (claim that sentencing court used incorrect Offense Gravity Score raises a substantial question regarding discretionary aspect); *see also Commonwealth v. Jackson*, 585 A.2d 533, 534 (Pa.Super.1991) ("Where [an] appellant avers that the sentencing court failed to properly apply the sentencing guidelines a substantial question as to the appropriateness of the sentence has been raised.").

Here, Appellant argues that the trial court applied an incorrect Offense Gravity Score in imposing sentence. *See* Appellant's Brief, pp. 11-20. This claim raises a substantial question for our review. *See Archer, Jackson, supra*. However, the claim is wholly devoid of merit.

To properly calculate a defendant's Sentencing Guidelines, each offense for which a defendant is sentenced must be assigned an Offense Gravity Score. *See* 204 Pa.Code § 303.3(a).[6] Pertinently, to aid in determining the correct Offense Gravity Score in cases involving violations of the Drug Act, the Pennsylvania Code explains:

> (e) *Violations of The Controlled Substance, Drug, Device and Cosmetic Act (35 P. S. §§ 780-101--780-144).* If any mixture or compound contains any detectable amount of a controlled substance, the entire amount of the mixture or compound shall be deemed to be composed of the controlled substance. If a

---

[6] The Offense Gravity Scores for each crime are located in 204 Pa.Code § 303.15.

> mixture or compound contains a detectable amount of more than one controlled substance, the mixture or compound shall be deemed to be composed entirely of the controlled substance which has the highest Offense Gravity Score.
>
> > (1) *Exception for prescription pills.* For violations of 35 P. S. § 780-113(a)(12), (a)(14), and (a)(30) involving narcotic prescription pills of Schedule II, when both the weight and the number of pills are known, the higher Offense Gravity Score assignment applies. (See § 303.15.)

204 Pa.Code § 303.3.

The instant matter involves Percocet, a Schedule II controlled substance. The Code assigns an Offense Gravity Score of 10 to PWID offenses involving 50-<100 pills of a Schedule II controlled substance. 204 Pa.Code. § 303.15. The Code assigns an Offense Gravity Score of 8 to PWID offenses involving 10-<50 grams of a Schedule II controlled substance. ***Id.*** The higher of the Offense Gravity Scores applies. ***See*** 204 Pa.Code § 303.3(e)(1). The trial court knew both the number of pills (92) and the total weight (29.9 grams)[7] of the drugs at sentencing. Accordingly, the correct Offense Gravity Score was the higher of the pills vs. weight Offense Gravity

---

[7] Appellant's argument that the court must consider 0.46 grams as the total weight for sentencing purposes because each pill contained only 5 milligrams of Percocet is unconvincing. The Code explicitly mandates that, when any amount of a controlled substance is present, the entire weight of a compound must be considered for Offense Gravity Score purposes, regardless of the percentage of controlled substance therein. ***See*** 204 Pa.Code § 303.3(e), ***supra***.

- 8 -

Scores, or 10, which the trial court applied. Appellant's claims that the trial court erred in so doing lacks merit.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/1/2014