J-S65035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHICON JORDAN | |
| Appellant | No. 3456 EDA 2014 |

Appeal from the Judgment of Sentence September 23, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002854-2013

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:          **FILED FEBRUARY 02, 2016**

In this direct appeal, Shicon Jordan argues that the trial court applied the wrong offense gravity score ("OGS") in the course of sentencing him for burglary under 18 Pa.C.S. § 3502(a)(1).  We are constrained to agree, and we therefore remand for resentencing on all of Jordan's convictions.

The following evidence was adduced during trial: video surveillance footage showed that on November 2, 2013, Jordan and a female entered a Quality Inn hotel in Stroudsburg, Pennsylvania at approximately 7:23 p.m. and left at approximately 7:42 p.m. with a television.  N.T., 7/3/14, at 31-37.

At about 10:00 p.m. on the same evening, a security guard in the same hotel found Jordan and the female in Room 239.  N.T., 7/3/14, at 47-59.  There had been a guest in Room 239 the previous evening, but he had checked out on the morning of November 2nd.  *Id*. at 27.  Room 239 was not

registered to any person at 10:00 p.m., and Jordan had no authority to be in this room. *Id*. at 47-48.

The security guard found two televisions in Room 239, one of which was behind a curtain. *Id*. at 28, 58-59. Hotel personnel discovered that televisions were missing from Rooms 237 and 240. *Id*. at 28. One had been removed from the hotel in the incident between 7:23-7:42 p.m.; the other was found behind the curtain in Room 239. *Id*. There was no evidence that any person other than Jordan or his female accomplice was in Room 237 or 240 when these rooms were burglarized.

Jordan was charged and convicted of (1) burglary, (2) criminal trespass, (3) theft by unlawful taking, (4) attempted theft and (5) receiving stolen property.[1] Although the trial transcript is not a model of precision, it conveys that Jordan's burglary conviction arose from the incident between 7:23-7:42 p.m., while his criminal trespass conviction arose from the incident at 10:00 p.m.[2]

_____

[1] 18 Pa.C.S. §§ 3502(a)(1), 3503(a)(1), 3921(a), 901(a) and 3925(a), respectively. Jordan also was charged with burglarizing the same hotel on October 28, 2013 and related offenses, but the jury acquitted him of these charges.

[2] The trial court instructed the jury that criminal trespass includes "gaining entry by deception or *secretly remaining in place*." N.T., 7/3/14, at 97 (emphasis added). The court did not mention "secretly remaining in place" in the course of defining burglary to the jury. *Id*. at 95-96. Because the 10:00 p.m. incident was the only time Jordan secretly remained in place, this event formed the basis for his criminal trespass conviction, while the earlier event between 7:23-7:42 p.m. gave rise to his burglary conviction.

At sentencing, the court stated that the burglary conviction was a first degree felony that carried an OGS of 9 and an aggravated range of 72 months. N.T., 9/23/14, at 5. The court sentenced Jordan to 72-144 months' imprisonment for burglary and to consecutive sentences of 19-38 months' imprisonment for criminal trespass and attempted theft, respectively. *Id*. at 5-6. The court imposed a concurrent term of 19-38 months' imprisonment for receiving stolen property and held that the theft charge merged with burglary for purposes of sentencing. *Id*.

Jordan filed a timely post-sentence motion, which the court denied in an opinion and order dated November 14, 2012. Jordan then filed a timely appeal, and both Jordan and the trial court complied with Pa.R.A.P. 1925.

Jordan raises one issue in this appeal: "Do people in a hotel constitute persons present for purposes of applying a higher [OGS] when it is conceded by the Commonwealth that the burglary did not occur until the defendant broke into the hotel room and that the defendant was not prohibited from being in the hotel itself since it was open to the public?" Brief For Appellant, at 6. Jordan argues that the OGS for his burglary conviction is 7 instead of 9, because there were no other "person[s] present" at the time of the burglary.

An argument that the court misapplied the Sentencing Guidelines constitutes a challenge to the discretionary aspects of sentence. ***Commonwealth v. Archer***, 722 A.2d 203, 211 (Pa.Super.1998). A challenge to the discretionary aspects of sentencing does not entitle a

- 3 -

petitioner to review as of right. ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa.Super.2011). In order for this Court to address this challenge, an appellant must (1) file a timely notice of appeal; (2) preserve the issue at sentencing or in a motion to reconsider and modify sentence; (3) include in her brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of her sentence; and (4) present a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. ***Id***.

Jordan filed a timely notice of appeal, preserved his sentencing issue in a post-sentence motion, and included a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentencing in his brief. Moreover, "a claim that the sentencing court misapplied the Guidelines," such as Jordan's challenge to his OGS, "presents a substantial question." ***Archer***, 722 A.2d at 211. Thus, we grant Jordan's petition for allowance of appeal and address the merits of his claim.

When reviewing a challenge to the discretionary aspects of sentencing,

> we determine whether the trial court has abused its discretion … Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa.Super.2015) (en banc).

A person "commits the offense of burglary if, with the intent to commit a crime therein," he

> (1) [e]nters a building or occupied structure, or separately secured or occupied structure thereof that is adapted for overnight accommodations in which at the time of the offense any person is present;
>
> (2) [e]nters a building or occupied structure, or separately secured or occupied structure thereof that is adapted for overnight accommodations in which at the time of the offense no person is present …

18 Pa.C.S. § 3502(a)(1), (2). The OGS for burglary is 9 when any person is present and 7 when no person is present. *See* 204 Pa. Code 303.15. The higher OGS applies when a person is present due to the "greater likelihood of mischief." *Commonwealth v. Dickison*, 483 A.2d 874, 875 (Pa.Super.1984).

The trial court determined that Jordan's OGS was 9 because the Quality Inn is a structure adapted for overnight accommodation, and at the time of the burglary, there were persons present in the hotel, namely "at least one hotel guest at the time of the burglary and … hotel employees throughout the hotel." *Id*. at 4 & n. 2. We are constrained to disagree.

In *Dickison*, the defendant pled guilty to burglarizing two unoccupied rooms at a motel. The Sentencing Guidelines at that time prescribed an OGS of 7 for "burglary of a structure adapted for overnight accommodation

in which at the time of the offense any person is present." The defendant contended that a lower OGS (6)[3] applied because the motel units were unoccupied at the time of the burglaries. Each unit of the motel, the defendant maintained, constituted a distinct "structure" for purposes of his OGS. The sentencing court found that the defendant's OGS was 7. It reasoned that "structure" referred to the entire motel -- and because the motel was open for business and several units were occupied other than those the defendant burglarized, the higher score applied.

This Court vacated the judgment of sentence and remanded for resentencing. The panel reasoned that the higher OGS only applies when there are persons present in the unit(s) burglarized:

> *The different [OGS's] for burglaries committed of structures where persons are present and structures where persons are not present is premised upon the likelihood of greater mischief in the former situation. If a burglary is committed while the structure is occupied, the potential for additional and more serious offenses is always present. Even if no further crime is committed, the presence of the victims and the potential for harm to them suggest an offense possessing gravity greater than when no person is present.* When the reason for the distinction is applied to motel complexes, the [OGS] must be determined according to the unit burglarized. Otherwise, the lesser [OGS] can have no application to a motel unless, perhaps, it is closed for the season. Except when closed, the motel will at the very least be occupied by a desk clerk who awaits expected lodgers. This, we conclude, was not the presence contemplated by the

---

[3] Subsequent to **Dickison**, the OGS for burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present increased from 7 to 9, and the OGS for burglary of an unoccupied structure adapted for overnight accommodation increased from 6 to 7.

Commission when it assessed a higher [OGS] to burglaries of overnight accommodations in which one or more persons are present.

*We hold, therefore, that the higher [OGS] is applicable only where there are persons present in the motel unit burglarized; where no one is present in the motel unit, the lower [OGS] should be applied.* In the instant case the motel units burglarized were alleged to be and were, in fact, unoccupied. No persons were present when the offense was committed. Therefore, the sentencing court was in error when it applied the greater [OGS].

*Id*. at 875-76 (emphasis added).

*Dickison* remains good law today, because the Sentencing Guidelines pertaining to burglary make the same distinction today that they did in 1984: if another person is present at the time of the burglary in a structure adapted for overnight accommodations, the higher OGS applies; if not, the lower OGS applies. *See* 204 Pa. Code 303.15.

*Dickison* is on point with the present case. Jordan's burglary conviction arises from the burglary in Room 237 or 240 between 7:23-7:42 p.m. There is no evidence that anyone other than Jordan's female accomplice was in this hotel unit at the time of the burglary. The presence of guests in another unit and the presence of hotel employees elsewhere in the building is of no moment under *Dickison*. *Id*., 483 A.2d at 875-76. Thus, the lower OGS (7) applies to Jordan's burglary conviction.

The fact that there were two burglars in this case but only one in *Dickison* is immaterial. We read *Dickison* to mean that the higher OGS applies only when one or more *non-participants* in the burglary are present

in the hotel unit, because the purpose of the higher OGS is to impose greater punishment for harm, real or potential, to non-participants present in the unit. *Id*. at 875-76. When no non-participants are present, the lower OGS applies, regardless of the number of burglars.

The court cited **Dickison** in its opinion but makes no attempt to distinguish it from this case. The Commonwealth attempts to distinguish **Dickison**, but its efforts are unsuccessful. The Commonwealth contends that **Dickison** involved a <u>m</u>otel complex with over 100 individual units housed in several buildings, while this case involves a <u>h</u>otel in a single building. **Dickison**, the Commonwealth claims, only applies to "motel complexes with separate motel units." Brief For Commonwealth, at 8. The Commonwealth admits, however, that "the specific layout of the hotel [in the present case] was never in issue and not elaborated upon during trial." *Id*. Without any description of the hotel in the record, we have no way to analyze whether the purported distinction between the <u>m</u>otel in **Dickison** and the hotel herein is valid.

Several other cases cited by the trial court and the Commonwealth are distinguishable, because they involve burglaries of residences instead of unoccupied hotel units. **See Commonwealth v. Knowles**, 891 A.2d 745, 746-47 (Pa.Super.2006) (mandatory minimum under 42 Pa.C.S. § 9714 applies where residence burglarized when homeowner was not home at time of break-in but arrived home while burglary was in progress);

*Commonwealth v. Stepp*, 652 A.2d 922 (Pa.Super.1995) (higher OGS applies when homeowner was not home at time of break-in but arrived home while burglary was in progress); *Commonwealth v. Jackson*, 585 A.2d 533 (Pa.Super.1991) (higher OGS applies when owner is in back porch of residence while it is burglarized).

For these reasons, the trial court abused its discretion by applying an OGS of 9 instead of 7. "[A]n incorrect [OGS] requires this Court to remand for resentencing or amend the sentence directly." *Archer*, 722 A.2d at 211 n. 13. We will vacate all of Jordan's sentences and remand for resentencing on all convictions to give the trial court the opportunity to restructure its entire sentencing scheme. *Commonwealth v. Goldhammer*, 517 A.2d 1280, 1283–84 (Pa.1986); *Commonwealth v. Williams*, 871 A.2d 254, 266 (Pa.Super.2005) (if trial court errs in its sentence on one count in multi-count case, all sentences for all counts will be vacated so court can restructure its entire sentencing scheme).

Judgments of sentence on all convictions vacated; case remanded for resentencing on all convictions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/2/2016