J-A21003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHRISTOPHER FORMAN | : | |
| | : | |
| Appellant | : | No. 3389 EDA 2019 |

Appeal from the Judgment of Sentence Entered April 6, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006295-2014

BEFORE:  LAZARUS, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                     **FILED OCTOBER 27, 2020**

Christopher Forman, a/k/a Christopher Coker (Forman), appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after a jury convicted him of burglary,[1] criminal trespass,[2] criminal conspiracy,[3] and two counts of recklessly endangering another person.[4]  Upon careful review, we affirm.

On February 10, 2014, at approximately 7:15 pm, the victims, Eliezer Colon and Moraima Alicea, were returning home with their two children[5] when

---

[1] 18 Pa.C.S.A. § 3502(a)(1).

[2] 18 Pa.C.S.A. § 3503.

[3] 18 Pa.C.S.A. § 903.

[4] 18 Pa.C.S.A. § 2705.

[5] Colon and Alicea testified that they left the house with their children that day around 7:30 in the morning.  N.T. Jury Trial, 1/10/17, at 4, 80.

they discovered that Forman and an unidentified male were inside their home. N.T. Jury Trial, 1/10/17, at 4. Colon first observed, from his vehicle, that the "upstairs light was on" in the house, and asked Alicea whether she forgot to turn it off; when she said no, he assumed that she was mistaken. *Id.* at 8. As the family tried to enter their home, Alicea noted that she could not unlock the front door. At this point, Colon "realized that somebody was in there" because the deadbolt, which prevented their entry, could only be locked from the inside. *Id.* at 8-9. He then noticed a crack in the window blind and instructed his family to get back in the car. *Id.* at 9. Once inside the vehicle, Alicea called 911 to report a burglary. *Id.* at 75-76, 80.

Meanwhile, Colon drove around to the back of the house and spotted a black Ford F-150 pickup truck idling by the back door, with Forman and another male attempting to carry a large, several-hundred-pound gun safe out of the house.[6] *Id.* at 6-10, 34-37. Upon seeing the homeowners return, the burglars left the safe and fled the scene separately; the unidentified male escaped on foot while Forman drove away in the pickup truck. *Id.* at 13-14. With his family still in the vehicle, Colon pursued Forman in a high-speed chase down Roosevelt Boulevard. Eventually, Forman spotted a police vehicle parked ahead of him, made a sudden U-turn down the same lane he was traveling, crashed into the victims' vehicle, continued driving away, lost

---

[6] Colon explained that "The back door leads directly into the house. There's no gate or nothing [sic]. It's just the back of the house[;] a little driveway section and then the back door. [On the other side of that back door is t]he basement." N.T. Jury Trial, 1/10/17, at 12.

control of his truck,[7] and crashed into a tree. *Id.* at 16-18. Forman proceeded to flee on foot, with Colon still in pursuit, before eventually turning to engage Colon. Colon was able to "hold[] Forman down" until police arrived. *Id.* at 20-21.

Upon returning home, Colon and Alicea discovered that the house had been ransacked; "[e]verything was out [of] the drawers, [the burglars ate] food out [of their] refrigerator," and the following items were stolen: one fifty-five-inch television, two Sony PlayStations, fifty PlayStation videogames, one iPhone, various pieces of jewelry, and twelve bottles of Cîroc vodka. *Id.* at 21, 47.

Following trial, a jury convicted Forman of the abovementioned crimes. Sentencing was deferred pending a pre-sentence investigation and mental health evaluation. Prior to sentencing, the Commonwealth notified Forman that it was pursuing a mandatory minimum sentence pursuant to Pennsylvania's "second strike" rule. *See* 42 Pa.C.S.A. § 9714 (relating to second and subsequent crimes of violence). Forman stipulated that he had been previously convicted of voluntary manslaughter, a crime of violence under section 9714, but challenged whether the instant conviction for first-degree burglary qualified as a crime of violence as defined under that section. *See* N.T. Sentencing, 4/6/17, at 7-9, 17-18; *see also* 42 Pa.C.S.A. § 9714(g) (only burglary under section 3502(a)(1) constitutes crime of violence). He

_____

[7] Colon testified that the road "was kind of icy because it was winter time." N.T. Trial, 1/10/17, at 18.

argued that because Colon and his family were locked out of their home at the time of the burglary, no one was "present" during its commission; therefore, it was not a second or subsequent crime of violence as defined by section 9714. N.T. Sentencing, 4/6/17, at 7-9, 17-18. The sentencing court disagreed, explaining to Forman that:

> [T]he Commonwealth has met the requirements under [s]ection 9714. This conviction does qualify as a second strike as it relates to the burglary charge.
>
> Sir, those people came home. It was their house, and when they tried to enter, they were stopped because of you and your cohorts.
>
> *   *   *
>
> [T]his matter does qualify under the statute . . . based upon the facts that this [c]ourt heard with respect to the [complainants'] attempted reentry [in]to their own home[,] and the response of the defendant thereafter, when they went around the back[] and the high speed chase [then] ensued.

*Id.* at 31-33.

The court applied the mandatory minimum "second strike" provision and sentenced Forman to an aggregate term of incarceration of 15½ to 44 years' incarceration. N.T. Sentencing, 4/17/17, at 6-18. A post-sentence motion was filed, which the court subsequently denied.[8] On November 19, 2019, the

_____

[8] Thereafter,

> [Forman] filed a [n]otice of [a]ppeal on May 10, 2017. A Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. [] 1925(b) was ordered [] on May 24, 2017. The statement was filed on June 14, 2017 requesting an extension of time to file a supplemental statement of errors upon receipt of the

trial court entered an order on the docket denying Forman's timely post-sentence motion.  Forman timely appealed that order on November 23, 2019; both he and the trial court complied with Pa.R.A.P. 1925.  Forman raises the following issues for our review:

1. Was [Forman] illegally sentenced pursuant to 42 Pa.C.S.A. § 9714 insofar as the Commonwealth did not sufficiently establish that [Forman] committed a crime of violence with respect to the charge of burglary in the matter *sub judice* as no person was present in the residence at the time of the burglary?

2. Should the mandatory minimum sentence imposed by the trial court under 42 Pa.C.S.A. § 9714 be vacated, and this matter remanded for a new sentencing hearing, due to the fact that [section] 9714 is unconstitutional as drafted insofar as it violates [Forman]'s rights under the Fifth and/or Sixth Amendment to the U.S. Constitution (made applicable in this matter by the Fourteenth Amendment to the U.S. Constitution) and Article I, § 9 of the Pennsylvania Constitution?

---

notes of testimony.  [The court granted the extension.]  After receiving [them], that statement was filed on July 28, 2017.

On July 30, 2018, th[e c]ourt filed its 1925(a) [o]pinion addressing [Forman]'s issues.  On April 10, 2019, the Superior Court reversed and remanded the case for the trial court to determine who filed the post-sentence motion in this case[, Forman] or prior counsel, Mary Maran, Esquire.  Attorney Maran informed [the trial] court that she had filed the post-sentence motion on behalf of [Forman].  On August 6, 2019, the Superior Court quashed the appeal due to the fact that [Forman]'s post-sentence "motion was still pending at the time [Forman] filed his counseled notice of appeal on May 10, 2017, and it was never formally disposed of by order docketed of record."  [**See Commonwealth v. Forman a/k/a Coker**, No. 1504 EDA 2017 (Pa. Super. filed Aug. 6, 2019) (unpublished memorandum)].

Trial Court Opinion, 1/13/20, at 3.

Brief of Appellant, at 4-5.

First, Forman argues that the evidence presented at trial is legally insufficient to sustain his conviction for burglary under 18 Pa.C.S.A. § 3502(a)(1), and that accordingly, his conviction and the mandatory minimum sentence imposed on that count pursuant to section 9714 are illegal and must be vacated. Brief of Appellant, at 22.

Whether sufficient evidence exists to support a verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Tejada***, 107 A.3d 788, 792 (Pa. Super. 2015). We review the evidence in the light most favorable to the Commonwealth as verdict winner to determine whether there is sufficient evidence to allow the fact-finder to find every element of a crime beyond a reasonable doubt. ***Id.*** Additionally, "[w]hen reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Brown***, 159 A.3d 531, 532 (Pa. Super. 2017).

Section 3502 of the Crimes Code defines burglary, in relevant part, as follows:

> **§ 3502. Burglary.**
>
> (a) Offense defined.--A person commits the offense of burglary if, with the intent to commit a crime therein, the person:
>
> (1) (i) enters a building or occupied structure, or separately secured or occupied portion thereof, that is adapted for overnight accommodations in which **at the time of the offense any person is present** and the

person commits, attempts or threatens to commit a bodily injury crime therein;

(ii) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which **at the time of the offense any person is present**;

(2) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense **no person** is present;

18 Pa.C.S.A. § 3502(a) (emphasis added). Burglary is a felony of the first degree; however, in cases involving structures **not** adapted for overnight accommodations where no person is present, the offense constitutes second-degree burglary. 18 Pa.C.S.A. § 3502(a)(4), (c)(1)-(2)(i). "[T]he Crimes Code treats first-degree burglary distinctly from second-degree burglary [in that] first-degree burglary contemplates the potential for confrontation, whereas second-degree burglary does not."[9] *Commonwealth v. Chester*, 101 A.3d 56, 64 (Pa. 2014). Pursuant to section 9714, only burglaries under section 3502(a)(1)—burglaries of a structure adapted for overnight accommodations at which time someone is present—constitute "crimes of violence" triggering a mandatory minimum sentence. 42 Pa.C.S.A. 9714.

Forman argues that, given the unequivocal testimony from Colon and Alicea that they were unable to enter their front door at the time of the burglary, "there is no evidence of record that any person was present inside

_____

[9] In **Chester**, our Supreme Court rejected the appellant's contention that his first-degree burglary conviction was not "violent behavior" because he did not employ violence during the burglary. **See id.**, **supra.**

the complainant's home when [Forman] . . . entered [] or remained within." Brief of Appellant, at 24. Forman repeatedly asserts throughout his brief that, because no person was present "**inside** the complainant's home" during the burglary, *see id.* at 24, 25, 28 (emphasis added), no person was "present" at all for purposes of section 3502(a)(1); therefore, his conviction cannot be sustained. He is entitled to no relief, as his victims, upon returning home and finding themselves locked out, spotted Forman in their backyard before chasing and apprehending him; thus, they were present during the burglary.

We recognized in **Commonwealth v. Dickison**, 483 A.2d 874 (Pa. Super. 1984), that:

> The different gravity score[] for burglaries . . . where persons are present . . . is premised upon the **likelihood of greater mischief**[.] . . . Even if no further crime is committed, **the presence of the victims and the potential for harm to them** suggest an offense possessing gravity greater than when no person is present.

*Id.* We reiterated those concerns in **Commonwealth v. Jackson**, 585 A.2d 533 (Pa. Super. 1991), where we held that, when a homeowner is seated on the back porch of her home at the time it is burglarized, the homeowner is present "within the structure" for purposes of calculating the offense gravity score under the sentencing guidelines. Specifically, in **Jackson**, we affirmed the trial court's holding that the defendant committed "a value seven (7) [b]urglary,"—a "[b]urglary of a structure adapted for overnight accommodations [when] **any person is present**,"—based on the victim being seated on her back porch at the time of the offense. **Id.** at 534-35. There,

The victim was unaware of the crime until the police returned to the scene and informed her that they witnessed the defendant exit the front door of her house. We held that, **even though the victim was unaware of the defendant's presence in her home, this was a case where the likelihood of greater mischief was present**.

*Commonwealth v. Stepp*, 652 A.2d 922, 23 (Pa. Super. 1995) (discussing *Jackson*, *supra*).

In *Stepp*, *supra*, where the victim returned to his mobile home to find a burglar exiting the back door, we concluded that "under 42 Pa.C.S.A. § 9721[,] burglary . . . 'in which at the time of the offense any person is present' includes burglaries where someone enters the structure while the perpetrator is still inside[.]". *Id* at 924.; *see also Commonwealth v. Knowles*, 891 A.2d 745 (Pa. Super. 2006) (holding "presence" requirement under section 9714 satisfied "where a person returns to the structure while a perpetrator is still [there]").

Forman submits that *Stepp* is inapposite because, unlike the matter *sub judice*, the homeowner in *Stepp* actually entered his mobile home at the time of the burglary. Brief of Appellant, at 30. We explained, however, that "[t]he same rationale which is applied in *Dickison* and *Jackson* concerning 'the likelihood of greater mischief' is applicable to a case such as the present one **where the victim returns home only to find the sanctity and security of his home shattered by an intruder**." *Stepp*, *supra* at 924 (emphasis added).

This Court further explained in *Stepp* that "a technical application of the definition of burglary misses the purpose and spirit which underlie the different

gravity offense scores. . . . A potentially violent encounter exists whenever a person discovers an intruder inside his home." ***Id.*** at 923. We recognized that the "proper approach" considers that "'the likelihood for greater mischief' and violence is **equally present** both when a person **returns to their residence** and discovers an intruder and when a person **already within the home** discovers an intruder." ***Id.*** (emphasis added).[10]

Here, the potential for greater mischief and violence was present and was actually realized when Colon encountered Forman exiting his home and, like the victim in ***Stepp***, proceeded to chase him until police took over. As the sentencing court explained to Forman:

> This case, while it is a burglary, had aspects to it where you endangered the lives of not [only] yourself, but the [] people in the car whose home you broke into that [] interrupted you[,] including a child.
>
> You struck their vehicle. You ended up hitting a bloody tree . . . and you still continued to fight.

N.T. Sentencing, 4/17/17, at 14-15.

_____

[10] Moreover, we observed:

> [I]t may be true that some burglars are more 'professional' than others and plan their criminal activity so that the occupants are most likely absent[,] . . . [but] it does not advance the interests of justice to 'reward' the burglar . . . simply because he was lucky at the moment he entered the then[-]unoccupied structure.

***Stepp***, ***supra*** at 924. Similarly, it does not advance the interests of justice to reward Forman for using the deadbolt to prevent the victims' entry during the burglary.

Accordingly, the evidence was sufficient to prove the victims' presence at their home at the time of the burglary, **Stepp**, **supra**; **Jackson**, **supra**; **Dickison**, **supra**, and sustain Forman's conviction under section 3502(a)(1)(ii). Thus, the court did not err in imposing a mandatory minimum "second strike" sentence on that count pursuant to section 9714 where Forman stipulated to committing a prior "crime of violence" under section 9714(g).

Next, Forman argues that 42 Pa.C.S.A. § 9714 is unconstitutional as drafted in that it increases the minimum punishment for a crime based on a fact not submitted to a jury and proven beyond a reasonable doubt; specifically, a prior conviction for a crime of violence. Brief of Appellant, at 38-59. He is entitled to no relief.

The Supreme Court of the United States held that any fact—**other than a prior conviction**—that increases a mandatory minimum sentence for an offense must be submitted to the jury and proven beyond a reasonable doubt. **Alleyne v. U.S.**, 570 U.S. 99 (2013). (emphasis added). This Court noted in **Commonwealth v. Reid**, 117 A.3d 777 (Pa. Super. 2015), that **Alleyne** did not overturn prior precedent holding that prior convictions are sentencing factors and not elements of offenses. **Id.** at 784; **see Almendarez–Torres v. U.S.,** 523 U.S. 224 (1998) (recognizing narrow exception for prior convictions to rule that any fact increasing punishment for defendant must be submitted to jury and proven beyond reasonable doubt).

We specifically held in **Reid** that section 9714 is not rendered unconstitutional by **Alleyne**, as it provides for mandatory minimum sentences based on prior convictions—specifically, crimes of violence. Recently, our Supreme Court, in a *per curiam* order, affirmed our decision in **Commonwealth v. Bragg** reaching the same result. **See** 133 A.3d 328 (Pa. Super. 2016) (challenge to mandatory minimum sentence for subsequent crimes of violence pursuant to section 9714 has no merit), *aff'd per curiam*, 169 A.3d 1024 (Pa. 2017).

Here, Forman was previously convicted of voluntary manslaughter, a crime of violence that qualifies as a first strike. **See** 42 Pa.C.S.A. § 9714(g). The Commonwealth timely filed notice of its intention to seek a second strike mandatory minimum sentence for first-degree burglary. Accordingly, under **Reid** and **Bragg**, the trial court's imposition of the mandatory minimum sentence for first-degree burglary in accordance with section 9714 was not unconstitutional.[11]

Judgment of sentence affirmed.

_____

[11] Forman dedicates a substantial portion of his appellate brief to arguing that **Almendarez-Torres** was wrongly decided and is "due to be overruled." Brief of Appellant, at 52. This, however, we cannot do. **Bosse v. Oklahoma**, 137 S.Ct. 1, 2 (2016) ("It is this Court's prerogative alone to overrule one of its precedents."). Forman further submits that **Bragg** "is [similarly] due to be overturned," and explains that these "good faith argument[s] for a change in the existing law . . . [are] made to fully preserve [his appellate] rights." Brief of Appellant, at 39.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2020